Kathleen Kendrick FADER and Herbert
Fader, Plaintiffs,

v.

TWENTIETH CENTURY–FOX FILM
CORPORATION, Albert Beich and
Frank Tashlin, Defendants.

United States District Court
S. D. New York.

Jan. 23, 1959.

Butler, Jablow & Geller, New York
City, for plaintiffs, Richard B. Jablow,
New York City, of counsel.

Saul E. Rogers, New York City, for defendant Twentieth Century-Fox Film Corp.

FREDERICK van PELT BRYAN, District Judge.

Plaintiffs sue for alleged copyright infringement. Defendant Twentieth Century-Fox Film Corporation moves (1) to dismiss the complaint, pursuant to Rule 12(b), F.R.Civ.P., 28 U.S.C.A., for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted, and (2) for summary judgment pursuant to Rule 56.

The motions are predicated upon the ground that plaintiffs failed to comply with the provisions of the United States Copyright Act, 17 U.S.C.A. § 1 et seq. since they did not cause the work of which they claim authorship to be published either prior to or after its registration with the Copyright Office.

The complaint alleges diversity jurisdiction and also that plaintiffs are the authors and "the statutory copyright owners" of the motion picture scenario "My Hero" which "was reduced to typewritten form and copyrighted with the United States Copyright Office on May 15, 1950 under No. AA 150822". It is then alleged in substance that the scenario was submitted to an officer of defendant in manuscript form and that without any right or license from the plaintiffs the defendant deliberately and wilfully pirated, plagiarized and copied the plot and story of the scenario in its motion picture "The Lieutenant Wore Skirts" which it released for public showing. Detailed allegations as to the points of similarity between the scenario and the film are sufficient to spell out plagiarism.

Plaintiffs seek an injunction against infringement of "their common law rights and property", damages of $250,000, an accounting of defendants' profits, and the impounding of the prints and negatives of the film.

The answer is in substance a general denial of infringement.

The motions of defendant Twentieth Century-Fox are based solely on the theory that the statutory copyright claimed by the plaintiffs is invalid because plaintiff's scenario was a "book" which was never published as required by the Copyright Act, 17 U.S.C.A. §§ 10, 11 and 13, and the rules of the Copyright Office. But, assuming that defendant's theory is correct and that there are no triable issues of fact with respect to the validity of the statutory copyright, defendant is not entitled to succeed on its motions.

Plaintiffs assert that if, as defendant Twentieth Century-Fox contends, their statutory copyright is invalid for lack of required publication, their common law copyright remains unimpaired. They say that their complaint alleges a cause of action for infringement of their common law rights over which this court has diversity jurisdiction and that defendant has shown no facts which would entitle it to judgment on this claim.

It may be noted that the defendant's theory that the statutory copyright is invalid is based in large part on admissions by the plaintiffs that their scenario was filed with the Copyright Office in manuscript form and that there were never any printed copies made, filed with the Copyright Office or published.

The filing of a manuscript for copyright registration does not necessarily place the work in the public domain so as to extinguish the common law copyright. It is true that if a valid copyright is issued on which the author relies the common law copyright is dead and the author's rights are based solely on the copyright statute. See Joe Mittenthal, Inc. v. Irving Berlin, Inc., D.C.S.D.N.Y., 291 F. 714; Photo Drama Picture Co. v. Social Uplift Film Corp., 2 Cir., 220 F. 448. On the other hand, if the Copyright Office refuses to file the work submitted or to issue a certificate of registration upon it, the author's position with respect to his common law copyright would be left unimpaired. Dieckhaus v. Twentieth Century-Fox Film Corporation, D.C.

E.D.Mo., 54 F.Supp. 425, reversed on other grounds 8 Cir., 153 F.2d 893.

 It cannot be said that the filing of plaintiffs' manuscript with the Copyright Office, the issuance of a certificate of registration and the allegation in the complaint that plaintiffs are statutory copyright owners, constitute an irrevocable abandonment of their common law copyright, or operates to extinguish it in the event that the registration is invalid for failure to comply with the requirements of the Copyright Law. Such extinguishment depends not on the author's attempt to rely on an invalid statutory copyright but on whether there had been such publication as would constitute a dedication to the public and thus destroy the author's common law rights. Congress has not provided that one who seeks to obtain the benefits of statutory protection must surrender his common law copyright if statutory protection is not afforded him. Bobbs-Merrill Co. v. Straus, 2 Cir., 147 F. 15, 19, 15 L.R.A., N.S., 766, affirmed 210 U.S. 339, 28 S.Ct. 722, 52 L.Ed. 1086; Jewelers Mercantile Agency v. Jewelers Publishing Co., 155 N.Y. 241, 49 N.E. 872, 41 L.R.A. 846; Tams-Witmark Music Library, Inc. v. New Opera Co., 298 N.Y. 163, 81 N.E.2d 70; Warner Bros. Pictures, Inc. v. Columbia Broadcasting System, D.C.S.D. Cal., 102 F.Supp. 141. Cf. R. C. A. Mfg. Co. v. Whiteman, 2 Cir., 114 F.2d 86, 89.

Judge Frank pointed out in American Visuals Corp. v. Holland, 2 Cir., 239 F.2d 740, 744, that the courts

"* * * apply different tests of publication depending on whether plaintiff is claiming protection because he did not publish and hence has a common law claim of infringement—in which case the distribution must be quite large to constitute 'publication',—or whether he is claiming under the copyright statute —in which case the requirements for publication are quite narrow. In each case the courts appear so to treat the concept of 'publication' as to prevent piracy."

 The defendant Twentieth Century-Fox has not shown that if the statutory copyright is invalid and unenforcible, as it claims, plaintiffs have lost their common law rights by publication or otherwise. The complaint alleges a cause of action for infringement of common law copyright, assuming that any claim based on statutory copyright falls. Cf. White v. Kimmell, 9 Cir., 193 F.2d 744, and see Nimmer, Copyright Publication, 56 Col.Law Rev. 185, 200.

The motions of Twentieth Century-Fox are therefore in all respects denied.

So ordered.