**The HEARST CORPORATION,**
Plaintiff,

v.

**SHOPPING CENTER NETWORK, INC.,
Thomas C. Devine, Outlet Book Co., and
Crown Publishers, Inc., Defendants.**

**SHOPPING CENTER NETWORK, INC.,
and Thomas C. Devine, Defendants
and Third-Party Plaintiffs,**

v.

**UNITED ARTISTS CORPORATION,
Third-Party Defendant.**

No. 69 Civ. 2092.

United States District Court
S. D. New York,
Civil Division.

Oct. 24, 1969.

Lipton, Brennan & Wasserstrom, New York City, for plaintiff.

Leonard I. Ackerman, New York City, for defendants Shopping Center Network, Inc., and Thomas C. Devine, Goldfarb & Chalson, New York City, of counsel.

## OPINION

LASKER, District Judge.

In this action plaintiff claims, *inter alia*, invasion of its rights of literary property in certain original artwork used in the production of the animated motion picture "Yellow Submarine," of which it was the producer. Plaintiff moves to remand this action to the state court, pursuant to 28 U.S.C.A. § 1447(c), on the ground that "the case was removed improvidently and without jurisdiction" to this court. The case was commenced in New York State Supreme Court by service of a summons and complaint on defendants Shopping Center Network, Inc. ("Shopping Center"), Thomas C. Devine ("Devine"), Outlet Book Co. ("Outlet") and Crown Publishers, Inc. ("Crown") on February 13, 1969. That complaint contained six causes of action. Issue was joined by all the defendants. Subsequently, defendants Shopping Center and Devine served a third party summons and complaint against United Artists Corporation ("United"). An amended complaint was thereafter served on April 24, 1969.

On the basis of this amended complaint and pursuant to 28 U.S.C.A. § 1441(b), defendants Shopping Center and Devine removed the action to this court on May 14, 1969, asserting that the amended complaint contained a new cause of action founded upon a claim or right arising under the federal copyright laws and that this court therefore had original and exclusive jurisdiction

thereof. On May 22, 1969, defendants Outlet and Crown formally joined in and consented to the removal of the action to this court. Subsequently, plaintiff made the instant motion to remand the case to state court.

The amended complaint sets forth seven causes of action. The first cause of action substantially alleges that plaintiff is a producer of the animated motion picture "Yellow Submarine," currently in theatrical distribution in this country and abroad, said motion picture being promoted and distributed by United pursuant to agreement with plaintiff; that in producing this film, plaintiff commissioned the creation of and used a large number of original animation cells and other artwork; that at all times pertinent, plaintiff was and is the owner of said original cells and artwork; that in connection with the promotion and distribution of the film, United, for plaintiff's benefit, entered into an agreement with defendant Shopping Center dated July 16, 1968, for the use of the animation cells and artwork in a December 1968 promotion of the motion picture; that approximately 65,000 pieces of said cells and artwork were conditionally delivered by plaintiff to defendant Shopping Center pursuant to a letter dated September 19, 1968; that defendant Shopping Center, instead of providing the promotional services agreed to and for which purpose the original animation cells and artwork were conditionally delivered to it, breached in this and other ways the terms and conditions of its agreement and unlawfully sold the cells and artwork to or through defendants Outlet and Crown and other retail establishments, which retailers offered and sold said cells and artwork to the public; and that plaintiff at no time consented to said sales or received any royalties or other compensation for defendants' use of the cells and artwork.

The second and third causes of action essentially repeat the allegations of the first cause of action and charge defendants with unlawful conversion and fraud and deceit.

The fourth cause of action alleges that commencing in December 1968, defendant Shopping Center, at the direction of defendant Devine, caused the cells and artwork to be offered for sale and sold in New York City and other areas of the United States without the consent of plaintiff; that the unauthorized distribution of the cells and artwork for the purpose of sale was effected by defendants Outlet and Crown; that the cells and artwork have been sold in large numbers and defendants have received substantial sums of money therefor, no royalties or other compensation having ever been paid to plaintiff; and that prior to defendants' unauthorized publication, plaintiff's cells and artwork had never been published and thus remain the exclusive property of plaintiff.

The fifth cause of action basically repeats the allegations of the first and fourth causes of action and charges defendants with the unauthorized publication of compilations, adaptations and arrangements of plaintiff's original animation cells, thereby infringing plaintiff's right to so compile, adapt and arrange such cells. The sixth cause of action alleges, in the alternative, that if defendant Shopping Center were authorized to sell plaintiff's animation cells and artwork, it was under a duty to safeguard plaintiff's rights in that literary property by causing "proper copyright notice to be applied thereto" as required by 17 U.S.C.A. § 10 of the federal copyright law.

The seventh cause of action, after essentially repeating the allegations of the first, second and fifth causes of action, charges that prior to November 12, 1968, plaintiff adopted the title "Yellow Submarine" for its animated motion picture, said motion picture having premiered in the United States on that date and having been exhibited continuously and extensively since then; that plaintiff expended substantial sums of money in advertising and publicizing both the motion picture and the fact that the motion picture was produced by plaintiff; that as a result of such advertising and publicizing, the title "Yellow Submarine" is familiarly and favorably known in the trade and in the mind of the purchasing public as indicating the origin of the motion picture in plaintiff; that defendants adopted and used the designation "Yellow Submarine" on and to denominate the source of the unauthorized arrangements, adaptations and compilations of animation cells which defendants have sold to the general public; that said animation cells never appeared so arranged, compiled and adapted in the motion picture "Yellow Submarine"; and that said use by defendants has caused "confusion and deception of the trade and the public and has led them to erroneously rely upon and associate the title YELLOW SUBMARINE as used by defendants with the plaintiff and erroneously to believe that the unauthorized compilations, adaptations and arrangements of said original animation cells are either manufactured or sponsored by the plaintiff or are being placed on the market with the consent and authority of the plaintiff, and as a result the public has been induced to purchase said unauthorized adaptations, arrangements and compilations of the said original animation cells and to associate plaintiff therewith."

Plaintiff prays for preliminary and permanent injunctive relief, damages in the sum of $3,500,000 and equal punitive damages, an accounting of defendants' profits, the return of all remaining artwork and cells or combinations, adaptations or arrangements thereof to plaintiff, and the delivery up for destruction of all covers, labels, signs, prints, packages and wrappers bearing the title "Yellow Submarine" thereon.

 Preliminarily, it should be noted that, in general, under 28 U.S.C.A. § 1446(b), as amended, removability of an action is to be determined as of the time the removal petition is filed as it relates to plaintiff's *initial* pleading. This subsection also provides, however, that:

"If the case stated by the initial pleading is not removable, a petition

for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Therefore, that "a case not removable when commenced may afterwards become removable is settled" law. Great Northern Ry. Co. v. Alexander (Hall's Adm'r), 246 U.S. 276, 280, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918). As the Fifth Circuit has stated, "the authorities are overwhelming that, though a defendant has submitted himself to state court jurisdiction on one cause of action, this does not prevent his removing the cause when an entirely new and different cause of action is filed." Cliett v. Scott, 233 F.2d 269, 271 (5th Cir. 1956). Thus, while the defendants in the instant case apparently consented to the jurisdiction of the state court over the six causes of action included in the original complaint, when plaintiff voluntarily amended its complaint to include an entirely new seventh cause of action the defendants' right to remove revived.

The single question here is whether this court has jurisdiction of this suit as one arising under the Constitution and laws of the United States. Plaintiff contends and defendants nowhere deny that the first six causes of action in the amended complaint constitute traditional common law actions for breach of contract, conversion, fraud and deceit, infringement of common law copyright by unauthorized publication, infringement of common law copyright by unauthorized arrangement, adaptation and compilation, and subsequent publication of plaintiff's literary property, and, alternatively, breach of implied contract, respectively, and as such fall clearly within the jurisdiction of the state court. The jurisdictional dispute, however, derives from the seventh cause of action. Plaintiff argues that this new cause of action falls clearly under the state common law of unfair competition. It

essentially alleges, plaintiff claims, the unlawful, unauthorized and misleading "passing off" by defendants of certain artwork as having its source in the motion picture "Yellow Submarine," the title of which has achieved secondary meaning and is identified in the public mind with plaintiff. Defendants, on the other hand, contend that the seventh cause of action, notwithstanding plaintiff's characterization thereof as "unfair competition," must be construed as a claim of copyright infringement arising under the federal copyright law, 17 U.S. C.A. § 101, § 112 et seq. It is on this ground that defendants invoke federal jurisdiction and remove the action to this court pursuant to the provisions of 28 U.S.C.A. § 1441(b), which provides:

"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

And in this regard, 28 U.S.C.A. § 1338(a) makes it quite clear that an action for infringement of federal statutory copyright is precisely the type of action removable under Section 1441(b) above, for the former section grants the federal courts not only original, but exclusive, jurisdiction of such matters. The statute reads:

"The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent and copyright cases."

Thus the question becomes: Does the seventh cause of action set forth an infringement claim under the federal copyright statute? If it does, removal was clearly in order; if it does not, remand is required. We conclude that it does not.

■ This conclusion, however, is not based on plaintiff's own intention to cast its claim on state grounds, although such

an intention was clearly manifest. Plaintiff brought the suit initially in state court. At no point in its complaints did it so much as allude to the federal copyright statute (except briefly and tangentially in the sixth cause of action, which is not at issue here), nor did it ever indicate any desire to rely on such a law. Indeed, the plaintiff has vociferously disclaimed any desire or intention to recover on anything other than a purely stated cause of action. Nevertheless, these circumstances alone do not constitute sufficient cause to remand this case to state court.

■ It is true that the traditional rule in removal proceedings prohibits the court from looking outside the plaintiff's own complaint to determine whether or not a suit arises under federal law. "[T]he controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Gully v. First National Bank, 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L. Ed. 70 (1936) (Cardozo, J.). It is equally true that where plaintiff's claim involves both a federal ground and a state ground, the plaintiff is normally free to ignore the federal question and pitch his claim on the state ground. 1A Moore's Federal Practice 475 (2d Ed.). As the Supreme Court has noted in Great Northern Ry. Co. v. Alexander (Hall's Adm'r), supra, 246 U.S. at 282, 38 S.Ct. at 239–240: "[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case * * * when it is commenced" and whether a case becomes removable depends "solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case." See also The Fair v. Kohler Die and Specialty Co., 228 U.S. 22, 25, 33 S. Ct. 410, 411, 57 L.Ed. 716 (1913) (Holmes, J.). ("The party who brings a suit is master to decide what law he will rely upon * * *."). These principles, however, cannot always be rigidly applied. True it is that, where the plaintiff has a right to relief *either* under federal law *or* under state law as an independent source of that right, the federal court on removal proceedings may not generally look beyond the face of the initial pleading in the state action to determine whether a federal question is presented. See Minkoff v. Scranton Frocks, Inc., 172 F.Supp. 870, 873 (S.D. N.Y.1959) (Palmieri, J.). In certain areas, however, this either-or option is no longer available, for Congress has deemed that federal substantive law should altogether preempt and supplant state law. In such a case, where Congress has explicitly said that the exclusive source of a plaintiff's right to relief is to be federal law, it would be unacceptable to permit that very plaintiff, by the artful manipulation of the terms of a complaint, to defeat a clearly enunciated congressional objective. Thus, the courts have held that where federal jurisdiction hinges on a party's having a particular status, the court may ascertain the existence of that status independently of the complaint. As Judge Ryan has explained in Fay v. American Cystoscope Makers, Inc., 98 F.Supp. 278, 280 (S.D.N.Y.1951),

> "Where that status is asserted to exist, but is not mentioned in the complaint, the court is of the opinion that it may apply the status rule on removal and look beyond the complaint to ascertain the fact. To hold otherwise would vest the plaintiff with power to withhold from a defendant the use of that forum which Congress has chosen to make available."

And in the case of statutory copyright, Congress has not only chosen to make a federal forum available, but has designated it as the one and only forum acceptable.

■ Applying this principle to the present case, the question of federal jurisdiction turns on the status of the plaintiff; that is, whether or not plaintiff was in possession of a statutory copyright on the original animation cells and other artwork in question. For the

procurement of such a copyright would operate to divest plaintiff of whatever common law remedy might otherwise be available. As the Second Circuit stated long ago: "Whoever elects to avail himself of the statute * * * must be held to have abandoned his common-law right." Photo-Drama Motion Picture Co. v. Social Uplift Film Corp., 220 F. 448, 450 (2d Cir. 1915). See also Lampert v. Hollis Music, Inc., 109 N.Y.S.2d 319 (N.Y.Sup.Ct.1951). In its complaint plaintiff clearly makes no claim to have copyrighted either the animation cells or any of the other artwork. Even an examination under the status rule of all the pleadings in the action reveals no such copyright. Nor do the defendants in their petition for removal ever suggest that plaintiff is a copyright proprietor. Certainly none of the formal requisites of copyright procurement are anywhere in evidence. Under 17 U.S.C.A. § 12, the mere registration and deposit of copies of the unpublished works with the Copyright Office constitute the act of obtaining statutory copyright. Indeed, these same requirements of registration and deposit are, under 17 U.S.C.A. § 13, conditions precedent to the right to maintain a copyright infringement action under Title 17. Yet, plaintiff in its complaint nowhere alleges compliance with any of these requirements, nor do defendants in any of their papers suggest that plaintiff has so complied. Thus, plaintiff's action can hardly be said to set forth an infringement claim under the federal copyright statute.

■ Plaintiff does, however, still have an action for common law copyright infringement. "Although statutory copyright protection for unpublished works may be claimed only by registration and deposit under Sec. 12, failure to so register and deposit an unpublished work does not leave the work without protection since common law copyright in the work remains available." Nimmer, Copyright 354 (1968). Section 2 of the copyright act makes it clear that

registration and deposit under Section 12 constitute only an optional and not a mandatory form of protection for unpublished works. Section 2 provides:

"Nothing in this title shall be construed to annul or limit the right of the author or proprietor of an unpublished work, at common law or in equity, to prevent the copying, publication, or use of such unpublished work without his consent, and to obtain damages therefor."

Thus, at least until a proprietor of unpublished works, allegedly like the plaintiff herein, is issued a valid statutory copyright, his position with respect to his common law copyright remains unimpaired. See Fader v. Twentieth Century-Fox Film Corporation, 169 F.Supp. 880 (S.D.N.Y.1959) (Bryan, J.).

■ Therefore, if plaintiff's seventh cause of action does in fact, as defendants contend, spell out a claim for copyright infringement, it can only be one for common law, and not statutory, copyright. And in this regard, it is clearly established that federal copyright jurisdiction under 28 U.S.C.A. § 1338(a) does not extend to actions for infringement of common law copyright, so that in general such jurisdiction lies exclusively with the state courts. See Wells v. Universal Pictures Co., Inc., 166 F.2d 690 (2d Cir. 1948); Nimmer, Copyright 572.2 (1968). Defendants argue that plaintiff's use of the word "publication," coupled with allegations of failure to pay royalties and infringement, indicates that the real substance of plaintiff's cause of action is a claim for statutory copyright infringement. This is not so. The term "publication" has significance equally as strong in the law of common law copyright as it does in the law of statutory copyright. Indeed, it has been suggested that

"[T]he act of publication constitutes the dividing line between the two systems of protection. Thus, when a work is first published, the owner's

common law protection therein is lost, through a forfeiture imposed by law. For this reason common law copyright is often referred to as the right of first publication. Likewise, publication is generally a condition precedent to obtaining statutory protection under the Copyright Act, the duration of the copyright being measured from the date of first publication." Nimmer, supra, at 183.

Similarly, in American Visuals Corp. v. Holland, 239 F.2d 740, 744 (2d Cir. 1956), Judge Frank suggested that the term "publication" may have two different meanings, one for the purpose of investing an author with federal copyright protection and the other to divest him of his common law protection. He found that the courts

" * * * apply different tests of publication depending on whether plaintiff is claiming protection because he did not publish and hence has a common law claim of infringement —in which case the distribution must be quite large to constitute 'publication',—or whether he is claiming under the copyright statute—in which case the requirements for publication are quite narrow."

The defendants here have not at all demonstrated that the plaintiff has lost its common law rights by publication or otherwise. Indeed, it appears that plaintiff's use of the word publication throughout its complaint only has reference to defendants' allegedly unauthorized publication in violation of plaintiff's common law right of first publication. Clearly, then, the mere use of the word publication, or indeed any other such term of art, cannot be determinative of the question of federal jurisdiction. By themselves, these words cannot be said to state a claim under the copyright statute. Right to recovery under the copyright act must be based upon allegations of compliance with its specific provisions. Obviously, there has been no such compliance here.

It is also significant that all these terms were initially and primarily used by plaintiff in setting forth its *fifth* cause of action for common law copyright infringement in connection with defendants' publication of compilations, adaptations and arrangements of plaintiff's original animation cells. Although it is true that these allegations were subsequently repeated and incorporated by reference in plaintiff's seventh cause of action, it would appear that this was done merely to lay a foundation for plaintiff's claim of unfair competition. It will be recalled that, according to plaintiff's allegations, the unfair competition resulted from defendants' unauthorized and misleading passing off of the above mentioned arrangements to the public with the title "Yellow Submarine" inscribed thereon. Therefore, it would seem that plaintiff only incorporated the allegations of the fifth cause of action into the seventh cause of action as a shorthand way of referring to the unauthorized arrangements which, as plaintiff alleges, were the tools of defendants' unfair competition. The clear thrust of plaintiff's seventh cause of action, we believe, is to state a claim for common law unfair competition. In this regard, defendants do not contend, nor if they did could it be upheld, that the allegations of unfair competition alone support removal to federal court. They do not. An action for unfair competition unrelated to any claim for statutory copyright infringement lies clearly within the province of the state courts. See, e. g., American Automobile Ass'n v. Spiegel, 205 F.2d 771 (2d Cir. 1953), cert. denied 346 U.S. 887, 74 S.Ct. 138, 98 L.Ed. 391; 28 U.S.C.A. § 1338(b).

For the reasons stated above plaintiff's motion to remand is granted.

Submit order.