**Raymond LA FRENIERE, Plaintiff,**

v.

**GENERAL ELECTRIC COMPANY, Schenectady, New York, Lawrence Hack, Foreman Bldg. 273, Receiving, John H. Degen, Investigator Security, R.L. Colman, C.W. Gilgore, K. McIver, Mgr. Facility Maintenance Machine Repair, H. Bachorik, E. Beaulieu, Foreman, G. Zmithrovitch, F.R. Lindsey, Jr., Mgr. of Security Communications, Charles J. Wilder, Defendants.**

No. 83–CV–551.

United States District Court, N.D. New York.

Oct. 21, 1983.

George J. Camino, Schenectady, N.Y., for plaintiff.

Bond, Schoeneck & King, Albany, N.Y., for defendants; Richard C. Heffern and John Gaal, Syracuse, N.Y., of counsel.

## MEMORANDUM–DECISION AND ORDER

MUNSON, Chief Judge.

This action was commenced in the Supreme Court of the State of New York, Schenectady County, by service of the summons and complaint on April 13, 1983. The action was removed to this court by a petition for removal filed by the defendants on May 12, 1983. Plaintiff now moves pursuant to Rule 81(c) of the Federal Rules of Civil Procedure for an Order remanding this action to state court on the ground that it was improvidently removed. Defendants oppose this motion and also move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for an Order granting summary judgment in their favor. For the reasons hereinafter stated the motion for remand is granted. In view of the court's disposition of plaintiff's motion for remand, defendant's motion for summary judgment need not be addressed.

## FACTS

The subject matter of this litigation is plaintiff's claim that he was defamed in the course of General Electric's [GE] investigation of a theft of company property. Plaintiff was employed by GE as a tool crib operator. Commencing on November 22, 1982 plaintiff was suspected of stealing two barrels and a pail of carboloy inserts, valued at approximately $6,000. An investigation was held to determine whether plaintiff was involved in the theft. Based on the results of the investigation, it was concluded by GE officials that plaintiff was involved in the theft and that discharge was the appropriate sanction. On December 15, 1982 plaintiff was discharged. Plaintiff protested his discharge through the grievance and arbitration mechanisms provided for in the collective bargaining agreement, and the dispute was arbitrated on May 24, 1983. On August 24, 1983 an award of

arbitration was rendered determining that plaintiff was discharged for just cause.

Plaintiff moves for an order remanding this action to state court on the ground that original federal subject-matter jurisdiction is lacking in this case. Specifically, plaintiff argues that this is a civil action for defamation arising under the laws of the State of New York and does not present a claim for relief "arising under" the Constitution, treaties or laws of the United States. Plaintiff contends that the instant cause of action may be resolved wholly in terms of New York State tort principles. Defendants' position is that the issues involved in this litigation are matters over which there is an overriding federal policy which requires the exclusive application of federal law. Specifically, defendants contend that because certain defamatory statements are alleged to have been made during grievance and/or arbitration proceedings, the doctrine of preemption mandates that the issue of privilege be resolved in terms of federal law. In effect, it is defendants' position that preemption as a matter of law provides an adequate basis for removal jurisdiction.

## DISCUSSION

### A. Removal Jurisdiction

The right of the defendant in a state court civil action to remove the action to federal court is governed by 28 U.S.C. § 1441, which provides as follows:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

In order to establish the presence of federal question jurisdiction for removal under 28 U.S.C. § 1441(b), the federally created right which is said to be present in the complaint must be an essential *element* of plaintiff's cause of action. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). An action does not "arise under" federal law "unless it really and substantially involves a dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the result depends." *Schulthis v. McDougal*, 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912).

More importantly, the federal question which is the predicate for removal must be disclosed upon the face of the complaint. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1913). It has been repeatedly held that "[t]he party who brings a suit is master to decide what law he will rely upon and therefore ... whether he will bring suit 'arising under' the laws of the United States." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 23, 25, 33 S.Ct. 410, 411, 412, 57 L.Ed. 716 (1913). As a general rule, therefore, the court must ascertain from the complaint whether federal law is pivotal. *See Ivy Broadcasting Co. v. A.T. & T.*, 391 F.2d 486, 489 (2d Cir.1968). Thus, if plaintiff elects to root his claims exclusively in state law, his choice will generally not be disturbed. *Vitarroz Corp. v. Borden, Inc.*, 644 F.2d 960, 964 (2d Cir.1981).

There exists one caveat to these seemingly immutable principles of federal law: a plaintiff will not be permitted, by "artful pleading," to skew his complaint so as to avoid original federal jurisdiction where federal law supplies the underlying basis for relief. Artful pleading cannot be used to conceal an essentially federal cause of action. *See Franchise Tax Board of California v. Construction Laborers Vacation Trust of Southern California*, —— U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *New York v. Local 1115 Joint Bd., Nursing & Hosp. Employees Div.*, 412 F.Supp. 720 (E.D.N.Y.1976).

Whether removal of the present case is proper hinges on defendants' assertion that the cause of action arises under federal law and the district court, therefore, has original jurisdiction under 28 U.S.C. § 1331. Application of the above-stated principles

indicates that the present action arises under state law. The suit is predicated solely upon defamation principles which are firmly entrenched in New York State law. There is no *necessary* connection between the alleged defamation and the existence of a controversy arising under federal law. Plaintiff has not sought relief under any labor statutes, nor has he requested reinstatement pursuant to the collective bargaining agreement. Federal law is invoked by defendants solely by way of defense. The fact that the defamation issue may ultimately depend upon resolution of defendants' affirmative defense of privilege does not miraculously transform plaintiff's claim into a federal cause of action. It is clear, therefore, that plaintiff has not by "artful pleading" camouflaged his federal claim as a state cause of action. Plaintiff will have to make out a prima facie case of defamation under state law irrespective of the effect given to defendants' affirmative defense.

Under prevailing doctrine, therefore, it would appear that the state court should not be ousted of its jurisdiction since the complaint by the plaintiff does not arise under federal law. Defendants argue, however, that the doctrine of preemption as a matter of law provides an adequate basis for removal jurisdiction.

### B. *Federal Preemption as a Basis for Removal Jurisdiction*

The propriety of preemption as a basis for removal jurisdiction has caused substantial division among the lower federal courts. An abundance of cases support the proposition that the assertion of a federal defense of preemption provides an adequate basis for removal jurisdiction. *See, e.g., Schroeder v. Trans World Airlines,* 702 F.2d 189 (9th Cir.1983); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980); *North Davis Bank v. First Nat. Bank,* 457 F.2d 820 (10th Cir.1972); *Avco Corp. v. Aero Lodge No. 735,* 376 F.2d 337 (6th Cir.1967), *aff'd,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968); *Alameda Room, Inc. v. Pitta,* 538 F.Supp. 1072 (S.D.N.Y.1982); *Billy Jack For Her, Inc. v. New York Suit, etc.,* 511 F.Supp. 1180 (S.D.N.Y.1981). An equally large number of courts have reached a contrary result, holding that the defense of preemption does not create a federal question for purposes of the general removal statute. *See Trent Realty Assoc. v. First Federal Savings & Loan Assoc. of.Philadelphia,* 657 F.2d 29 (3rd Cir.1981); *Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571 (7th Cir.1982); *Bailey v. Logan Square Typographers,* 441 F.2d 47 (7th Cir.1971); *First Nat'l Bank of Aberdeen v. Aberdeen Nat'l Bank,* 627 F.2d 843 (8th Cir.1980); *Sarnelli v. Tickle,* 556 F.Supp. 557 (E.D.N.Y. 1983); *Turner v. Bell, 1186 Federal Savings & Loan,* 490 F.Supp. 104 (N.D.Ill.1980).

The preceding list of citations reveals that this issue has caused division not only among the circuits, but also among panels and district courts within the circuits. *Compare Schroeder v. Trans World Airlines,* 702 F.2d 189 (9th Cir.1983) *and Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209 (9th Cir.1980) *with Washington v. American League of Professional Baseball Clubs,* 460 F.2d 654 (9th Cir.1972); *and Billy Jack For Her, Inc. v. New York Suit, etc.,* 511 F.Supp. 1180 (S.D.N.Y.1981) *with Hearst Corp. v. Shopping Center Network, Inc.,* 307 F.Supp. 551 (S.D.N.Y.1969).

The courts which have allowed preemption as a basis for removal jurisdiction have done so based on the policy that "[a] finding of preemption represents a conclusion that Congress has determined to supplant state law altogether by federal substantive law, meaning that plaintiff's right to relief, if any, is to be determined exclusively by reference to federal law." *Billy Jack For Her, Inc. v. New York Suit, etc.,* 511 F.Supp. 1180, 1186 (S.D.N.Y.1981), citing *Hearst Corp. v. Shopping Center Network, Inc.,* 307 F.Supp. at 551. These courts do not view the federal preemption defense as an affirmative defense. Rather, preemption is viewed as being analogous to a choice-of-law principle: "Preemption analysis simply tells the court which law ... should be referred to in order to determine the plaintiff's right to relief .... A finding of preemption may indeed have the ultimate

effect of [supplanting state law]." *Id.* at 1187. The policy determination is that when federal law supplants a state cause of action the plaintiff's claim for relief is necessarily predicated upon federal law.

The courts which view preemption as an inappropriate basis for removal jurisdiction are equally resolute in their policy determinations. These courts rely on the traditional view that the complaint must show a federal right to be an *essential* element of plaintiff's complaint, and that an affirmative defense of preemption is merely a federal defense. The Eighth Circuit's language typifies this view:

> Federal preemption may offer a valid defense to a state law claim, but preemption does not convert a state law claim into a claim arising under federal law .... We deem our conclusion not only consistent with authoritative statements on the general principles of federal question jurisdiction, but also necessarily required by the Supreme Court's reasoning and language in *Gully* ....

*First National Bank of Aberdeen v. Aberdeen Nat. Bank,* 627 F.2d 843, 851–52 (8th Cir.1980); *see also Marquette National Bank v. First Nat. Bank of Omaha,* 422 F.Supp. 1346, 1352 (D.Minn.1976).

In addition to the abundance of case law decrying preemption as a basis for removal jurisdiction, the commentators agree that such removal is improper:

> Where a plaintiff properly pleads his claim under state law and the defendant asserts that the state law upon which the claim is based has been preempted, some courts have allowed removal on the ground that a federal question is inherent in the state complaint .... With deference, we suggest that the better view is expressed by the Third, Seventh, Eighth and Ninth circuits ... that the assertion of a defense that federal law has preempted the state law upon which plaintiff relies does not create a federal question for purposes of the general removal statute. (footnotes omitted).

1A Moore's Federal Practice ¶ 0.160[4] at 237–38 (2d ed. 1983). *See also* 14 Wright and Miller, *Federal Practice and Procedure* § 3722 at 199–200 (1982 Supp.) (when state law has been preempted, removal will depend upon whether it has been replaced by a *federal right of action* and whether the particular plaintiff's rights under state law clearly have been preempted).

The Supreme Court has recently rendered a decision which strongly suggests that preemption is not an appropriate basis for removal jurisdiction in cases such as this. In *Franchise Tax Board of California v. Construction Laborers Vacation Trust of Cal.,* — U.S. ——, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), Justice Brennan, relying upon the traditional formulation of the well-pleaded complaint rule, refused to allow the anticipated defense of preemption as a basis for removal jurisdiction. The plaintiff in *FTB* had filed a complaint in state court alleging two causes of action. The first cause of action relied expressly upon a provision of the California Revenue and Tax Code alleging that defendant had failed to comply with certain tax levies issued under a California statute. The second cause of action sought a declaratory judgment that the state's levying statute was not preempted by § 514 of the Employeé Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 *et seq.* The defendant argued that the action was removable because the plaintiff specifically raised the federal issue of preemption. The Court initially addressed the issue of whether the plaintiff's anticipated defense of preemption was a sufficient basis for removal jurisdiction. In reversing the lower federal court the Supreme Court held: "For better or worse ... under the present statutory scheme ... a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law.... It has been settled law that a case may not be removed to federal court on the basis of a federal defense, *including the defense of preemption,* even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Id.* 103 S.Ct. at 2848. (emphasis added). In

support of its conclusion the Court cited with approval many of the above-indicated cases which stand for the proposition that federal preemption is not an appropriate basis for removal jurisdiction. The Court further observed in a footnote that the absence of original jurisdiction does not mean that there is no federal forum in which a preemption defense may be heard. If the state courts reject a claim of federal preemption, that decision may ultimately be reviewed on appeal by the Supreme Court. *Id.* 103 S.Ct. at 2828, n. 12.

The Court next considered the defendant's contention that the plaintiff's causes of action were in substance preempted by federal law. The Court refused to accept the general proposition that a claim of preemption provides a sufficient basis for removal jurisdiction. The Court concluded that preemption is an appropriate basis for removal jurisdiction only when strong federal policies mandate that the plaintiff bring his action only under federal law. Thus, the Court reaffirmed its holding in *Avco Corp. v. Aero Lodge No. 735, Int'l Assn. of Machinists,* 376 F.2d 337 (6th Cir. 1967), aff'd, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968), which stands for the proposition that, if a *federal* cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily arises under federal law.

Unlike the plaintiff in *Avco* who brought a claim necessarily encompassing § 301 of the National Labor Relations Act, the instant plaintiff has predicated his claims solely upon state law. Whereas the plaintiff in *Avco* could *only* pursue his contract remedies under federal law pursuant to a collective bargaining agreement, the instant plaintiff has independent rights and remedies firmly rooted in New York State law. In the court's view, therefore, *Avco* is clearly inapposite.

This court agrees with the Supreme Court that preemption is not an appropriate basis for removal jurisdiction where the plaintiff has independent rights under state law. *Mottley* and its progeny clearly fore-

close consideration of a federal preemption defense as the basis for original federal subject-matter jurisdiction. The state courts can adequately determine the propriety of a federal preemption defense. If indeed this suit is barred by federal law, the state courts are well-equipped to effectuate a proper remedy.

Since the court finds that plaintiff's claim does not arise under federal law, this court lacks jurisdiction over the present action. Accordingly, plaintiff's motion to remand the case to the Supreme Court of New York, Schenectady County, is hereby granted.

It is so Ordered.