DONLIN SPORTSWEAR, INC.

v.

AMALGAMATED CLOTHING AND TEXTILE WORKERS UNION, AFL–CIO, CLC, Southeastern Regional Clothing Board, Emma Dameron, Geneva Sneed, Cookie Long, Woody Biggs, Eilene Fultz, Danny Fultz, Jeff Widner, Bill Singleton.

Civ. No. 3–79–247.

United States District Court,
E. D. Tennessee, N. D.

June 20, 1979.

Philip J. Lawson, Morristown, Tenn., James P. Cobb, Atlanta, Ga., for plaintiff.

George E. Barrett, Charles R. Ray, Nashville, Tenn., Arthur Goldberg, Gen. Counsel, Amalgamated Clothing and Textile Workers Union of America, New York City, for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This case is before the Court on plaintiff's motion to remand the case to the Chancery Court of Claiborne County, Tennessee, on the ground that the complaint states a cause of action arising under state law rather than under the Constitution and laws of the United States. Extended oral argument was heard.

Defendants claim that the complaint asserts secondary activity prohibited under § 303 of the Labor-Management Relations Act, 29 U.S.C. § 187(a) and (b), and that since such secondary activity is alleged the federal court has original jurisdiction of the case.

Plaintiff contends that the complaint states only state causes of action, namely, an action for tortious interference with business relationships and breach of the peace. The Court is of the opinion that the complaint alleges state causes of action as distinguished from a federal cause of action and for that reason the case must be remanded to state court.

The picketing in this case took place at the primary site of the dispute and was directed against the primary employer and for that reason it was primary activity as distinguished from secondary activity. *National Woodwork Manufacturers Association v. NLRB*, 386 U.S. 612, 87 S.Ct. 1250, 18 L.Ed.2d 357 (1967). The secondary effects of the picketing mentioned in the complaint are only incidental to plaintiff's cause of action.

Even if the complaint could possibly be construed as alleging a federal claim in addition to the independent state grounds, plaintiff would still be permitted to rely solely on its state causes of action. *See WECA Programs Inc. v. Economy Co.*, 462 F.Supp. 462 (W.D.Okl., 1978).

The Court notes that plaintiff's state causes of action are in no sense inconsistent with the policies of federal labor law. The importance and validity of state regulation of traditional areas of state concern, even in labor disputes, has recently been re-emphasized by the Supreme Court. *Sears, Roebuck and Co. v. San Diego County District Council of Carpenters*, 436 U.S. 180, 98 S.Ct. 1745, 56 L.Ed.2d 209 (1978).

For the foregoing reasons, it is ORDERED that the motion to remand be, and the same hereby is, sustained.

Order Accordingly.