# GREAT NORTHERN RAILWAY COMPANY *v.* ALEXANDER, ADMINISTRATOR OF HALL.

ERROR TO THE SUPREME COURT OF THE STATE OF MONTANA.

No. 130. Argued January 15, 1918.—Decided March 4, 1918.

A case arising under the Federal Employers' Liability Act between citizens of different States is not removable from a state to a federal District Court on either ground.

In the absence of a fraudulent purpose to defeat removal, the status, with respect to removability, of a case alleged to be one arising under the Federal Employers' Liability Act depends not upon what the defendant may allege or prove or what the court may, after hearing

upon the merits, *in invitum* order, but solely upon the form which the plaintiff voluntarily gives to his pleadings initially and as the case progresses.

Therefore, where the complaint states a cause under the Federal Act, the failure of the plaintiff to prove that the employee was engaged in interstate commerce when injured will not leave the case removable because of diverse citizenship appearing in the complaint. A contention to the contrary is not a claim of federal right of sufficient substance to afford this court jurisdiction to review a state court's judgment.

Writ of error to review 51 Montana, 565, dismissed.

THE case is stated in the opinion.

*Mr. I. Parker Veazey, Jr.*, with whom *Mr. E. C. Lindley* was on the brief, for plaintiff in error.

*Mr. C. B. Nolan* for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

This case presents for decision the question whether the non-removable case stated in the complaint became one subject to removal when the plaintiff rested his case and, as the defendant claimed, it became apparent that the allegation of the complaint that the deceased was employed in interstate commerce when killed was not sustained by the evidence.

We shall designate the parties as they were in the trial court, the defendant in error as plaintiff and the plaintiff in error as defendant,.

The suit was commenced in a district court of Montana and is one to recover damages for wrongful death. The plaintiff was a citizen of Montana when the case was commenced and he alleges in his complaint, that the defendant was an interstate carrier, organized under the laws of the State of Minnesota at the time the accident occurred; that the deceased was a conductor employed by

the defendant in interstate commerce at the time he was killed, and that the proximate cause of the accident was the failure of defendant to fence its line, which resulted in the derailing of the car on which plaintiff's decedent was employed, causing his instant death.

The defense is a denial that deceased was employed in interstate commerce when injured, and a denial of negligence in the failure to fence, with a plea of assumption of risk.

When the plaintiff rested his case the defendant "moved for a judgment of non-suit and dismissal upon the merits," . . . "based upon the complaint of the plaintiff and upon the testimony adduced."

This motion asserted in various forms that the evidence introduced failed to show any actionable negligence on the part of the defendant and concluded with a fifth paragraph, alleging, in substance, as follows:

That there was a fatal variance, amounting to failure of proof, between the allegation of the complaint that the deceased was employed in interstate commerce at the time he was injured and the evidence introduced; . . . that, this variance is substantial in that, with the complaint charging that the deceased was killed while engaged in interstate commerce, the defendant could not remove said case to the federal court, whereas if the case as made by the proof had been made, to wit, an intrastate case, it could have been removed; and hence the failure to recognize the variance would operate to deny to the defendant a right under a statute or law of the United States, to wit, the right to remove such a case properly pleaded to the federal court.

The trial court having overruled this motion, the defendant introduced its evidence in defense and after the plaintiff's rebuttal was concluded renewed its motion, which was again denied, the defendant reserving its exception, and thereupon the case was submitted to the jury

and judgment was entered on the verdict in favor of the plaintiff.

On review the Supreme Court of Montana held that the trial court had erred, and should have ruled that on the evidence adduced the deceased was not employed in interstate commerce when injured, but holding that the defendant had waived its right to remove by failing to file a petition for removal, as required by law, the court went forward and held that a case of negligence at common law was stated in the complaint, and that the evidence introduced justified the trial court in submitting the case to the jury, and that the judgment must be affirmed.

In disposing of the question presented by this motion for "non-suit and dismissal" which we are considering, the Supreme Court of Montana said:

"We recall but one respect in which a defendant can be seriously prejudiced in such a situation, and that is where, by reason of diverse citizenship, removal of the cause to the federal court might be in order. In such a situation, however, the defendant must assert its right, under penalty of waiver, by filing a petition to remove at the first opportunity. . . . . This the appellant did not do; instead, and with the knowledge of its right to have the cause removed, it submitted to the jurisdiction of the state court in which the trial occurred, by seeking a dismissal for variance as well as for failure to show the breach by it of any legal duty to the decedent under either state or federal law."

No claim is made that the allegation that the plaintiff's decedent was employed in interstate commerce was incorporated into the complaint fraudulently or in bad faith, for the purpose of defeating the right of the defendant to remove the case to the federal court.

The claim now made in this court by the defendant is that the state Supreme Court correctly held that the evidence introduced failed to show that the deceased was

employed in interstate commerce when he was injured, but that it committed reversible error. and denied to the defendant the federal right to remove the case when it held that the right to remove had been waived, and affirmed the judgment instead of reversing and remanding the case to the lower court for further proceedings.

The plaintiff replies to this claim with the contention that the court is without jurisdiction to review the decision of the state Supreme Court for the reason that no federal right was denied to the plaintiff in error at any stage of the proceeding in the state court.

It is, of course, familiar law that the right of removal being statutory, a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress (*Gold Washing & Water Co.* v. *Keyes,* 96 U. S. 199; Jud. Code, Chap. 3, §§ 28, 39).

The allegation of the complaint that the deceased was employed in interstate commerce when injured brought the case within the scope of the Federal Employers' Liability Act, and it would have been removable either for diversity of citizenship or as a case arising under a law of the United States, except for the prohibition against removal contained in the amendment to the act, approved April 5, 1910, 36 Stat. 291. But this allegation rendered the case, at the time it was commenced, clearly not removable on either ground (*Kansas City Southern Ry. Co.* v. *Leslie,* 238 U. S. 599; *Southern Ry. Co.* v. *Lloyd,* 239 U. S. 496).

The removal provisions of the Judicial Code, Chapter 3, §§ 28 to 39, inclusive, in effect when this case was tried, were substantially the same as they have been since the Removal Act of 1888 was passed, and that a case not removable when commenced may afterwards become removable is settled by *Ayers* v. *Watson,* 113 U. S. 594; *Martin's Administrator* v. *Baltimore & Ohio R. R. Co.,* 151 U. S. 673, 688, 691; *Powers* v. *Chesapeake & Ohio Ry. Co.,*

169 U. S. 92, and *Fritzlen* v. *Boatmen's Bank,* 212 U. S. 364. Under the doctrine of these cases the defendant, admitting the non-removable character of the case at bar when it was commenced, argues that the failure of the plaintiff to prove his allegation that the deceased was employed in interstate commerce when he was injured, left the complaint as if the allegation had not been incorporated into it, and that therefore the case became removable for diversity of citizenship when the plaintiff rested his case.

But unfortunately for the validity of this contention it has been frequently decided by this court that whether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent-attempt to evade removal,) is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant. *Tennessee* v. *Union & Planters' Bank,* 152 U. S. 454; *Chappell* v. *Waterworth,* 155 U. S. 102; *Texas & Pacific Ry. Co.* v. *Cody,* 166 U. S. 606; *Taylor* v. *Anderson,* 234 U. S. 74.

It is also settled that a case, arising under the laws of the United States, non-removable on the complaint, when commenced, cannot be converted into a removable one by evidence of the defendant or by an order of the court upon any issue tried upon the merits, but that such conversion can only be accomplished by the voluntary amendment of his pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by him of a party or of parties defendant. *Kansas City &c. Ry. Co.* v. *Herman,* 187 U. S. 63; *Alabama Great Southern Ry. Co.* v. *Thompson,* 200 U. S. 206; *Lathrop, Shea & Henwood Co.* v. *Interior Construction Co.,* 215 U. S. 246; *American Car & Foundry Co.* v. *Kettelhake,* 236 U. S. 311.

The obvious principle of these decisions is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case, arising under a law of the United States, when it is commenced, and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case non-removable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum*, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

The result of the application of this principle to the case at bar is not doubtful.

The plaintiff did not at any time admit that he had failed to prove the allegation that the deceased was employed in interstate commerce when injured, and he did not amend his complaint, but, on the contrary, he has contended at every stage of the case and in his brief in this court still contends that the allegation was supported by the evidence. The first holding to the contrary was by the state Supreme Court and the most that can be said of that decision is that the defendant prevailed in a matter of defense which it had pleaded, but, as we have seen, this does not convert a non-removable case into a removable one, in the absence of voluntary action on the part of the plaintiff, and it therefore results that the defendant did not at any time have the right to remove the case to the federal court, which it claims was denied to it, and that therefore, there being no substance in the claim of denial of federal right, this court is without jurisdiction to review the decision of the Supreme Court of Montana and the writ of error must be

*Dismissed.*