## REINDAHL v. CHICAGO, M. & ST. P. RY. CO.

(District Court, D. Minnesota, Fourth Division.    September 12, 1923.)

1. **Master and servant ⊚⇒256(1)—Complaint held to state cause of action under federal act.**

In railway employee's action for injuries, complaint alleging that defendant was common carrier of interstate passengers and merchandise, and maintained railway yards, shops, and other facilities in connection with its interstate business, and that plaintiff was in its employ and at time of happening of accident both he and the railroad were engaged in interstate commerce, stated, on its face, a cause of action within federal Employers' Liability Act (Comp. St. §§ 8657–8665).

2. **Removal of causes ⊚⇒25(1)—Case not removable when complaint on its face states cause of action under Employers' Liability Act unless fraud shown.**

Where complaint, on its face, stated cause of action within federal Employers' Liability Act (Comp. St. §§ 8657–8665), it was not removable unless it was shown in proper manner that allegations necessary to such cause of action were false and known by plaintiff when inserted to be false and fraudulently made for purpose of defeating removal.

3. **Removal of causes ⊚⇒107(4)—Fraud in alleging cause of action under Employers' Liability Act could not be shown by affidavits when not set up in petition.**

Where petition for removal of action in which complaint on its face stated cause of action under federal Employers' Liability Act (Comp. St. §§ 8657–8665) did not allege or intimate that plaintiff had attempted to abridge or defeat defendant's right of removal, it could not be shown by affidavits that allegations bringing the case within the act were false and made fraudulently to prevent removal.

At Law.    Action by James Reindahl against the Chicago, Milwaukee & St. Paul Railway Company.    On motion to remand to state court. Motion granted.

Devaney & Edwards and W. W. Patterson, all of Minneapolis, Minn., for the motion.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., opposed.

McGEE, District Judge.    This, a personal injury action, was commenced in the district court of Hennepin county, Minn., for the recovery of damages, stated in the complaint at $12,500, for injuries alleged to have been sustained by the plaintiff while employed by the defendant as a machinist's helper in its repair shops at Minneapolis, Minn., on the 23d day of March, 1922.

The defendant caused the case to be removed to this court on the ground of diverse citizenship of the parties.

The plaintiff moves to remand the case to the state court on the following grounds:

(1) "That the complaint and record in said cause do not present a cause removable under the statutes and laws of the United States from said state court."

(2) "That said cause was improperly and unlawfully removed from said state court."

(3) "That the above-entitled court has no jurisdiction of said cause of action to hear or determine the same."

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The complaint alleges:

"That during all the times mentioned therein the defendant was, and still is, a railway corporation and common carrier of interstate passengers and merchandise by rail from Chicago, Ill., westward through various northwestern states, its line of railway passing among other points and places through the city of Minneapolis, at which point it maintained and operated a certain railway yard, shops, and other facilities in connection with its general interstate commerce business; that during said time the plaintiff was in the employ of the defendant in the capacity of machinist helper with the usual rights and duties incident to such employment; and that at the time of the happening of the accident hereinafter alleged, both the defendant and the plaintiff were engaged and engaging in interstate commerce."

[1, 2] The complaint then sets out the alleged negligent acts of the defendant which it is claimed caused the injuries to recover damages for which the case was commenced, and undoubtedly on its face states a cause of action under and within the provisions of the federal Employers' Liability Act (Comp. St. §§ 8657–8665), and by the express terms of that act is not removable to this court, unless it be shown in a proper manner that the allegations of the complaint necessary to a statement of a cause of action under and within the provision of the federal Employers' Liability Act are false and were known by the plaintiff at the time they were inserted in the complaint to have been false and were fraudulently made for the purpose of defeating the defendant's right to remove the case to this court.

[3] The petition for removal is in the usual form and does not allege or intimate that the plaintiff, in his complaint, has attempted in any manner to abridge or defeat the defendant's right, if a right it has, to remove this case from the state court to this court.

It is true that the defendant has filed affidavits alleging that the allegations of the complaint necessary to bring the case within the provisions of the federal Employers' Liability Act are false and were made by the plaintiff fraudulently for the purpose of defeating the defendant's right to remove the case to this court; but, unfortunately for the defendant, the proof offered is inadmissible because the foundation therefor was not laid by proper allegations in the petition for removal. Great Northern Ry. Co. v. Alexander, 246 U. S. 276, 38 Sup. Ct. 237, 62 L. Ed. 713.

The motion to remand is granted.