**WECA PROGRAMS, INC., Plaintiff,**

v.

**The ECONOMY COMPANY, Leslie Lewis and Thomas D. Yawkey, Defendants.**

**No. CIV–78–0107–D.**

United States District Court,
W. D. Oklahoma.

May 19, 1978.

Kent C. Phipps, Ponca City, Okl., for plaintiff.

B. J. Rothbaum, Jr., James P. Linn, Oklahoma City, Okl., for defendants.

**ORDER**

DAUGHERTY, Chief Judge.

This action arises from Defendants' marketing of a pre-school testing program that

---

4. Rule 17(c) of the Rules of the Tenth Circuit permits citation of unpublished opinions as precedent.

Plaintiff alleges was designed directly from a program developed and copyrighted by Dr. Dale E. Williams and Ruth Williams and assigned to Plaintiff. J⁺ is alleged that Defendant Leslie Lewis, while working with the Williamses to computerize their program, obtained copies of the program and conspired with Defendants The Economy Company and Thomas D. Yawkey to formulate and market a program employing the same method, manner and concepts as the Williams' program. Plaintiff commenced the action in the District Court of Oklahoma County, Oklahoma. Contending that Plaintiff's claims arose under federal copyright laws, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441(b). The matter is now before the Court for consideration of Plaintiff's motion to remand the case to the state court.[1]

In their petition for removal, Defendants contend that this action arises under the federal Copyright Act, 17 U.S.C. § 101 et seq., as the allegations in Plaintiff's state court petition (hereinafter referred to as "complaint") are, among other things, for infringement of a statutory copyright seeking damages and equitable relief. Defendants assert that this Court has jurisdiction of the action pursuant to 28 U.S.C. § 1338(b) as the complaint contains allegations of unfair competition joined with a substantial and related claim under the federal copyright laws.

Plaintiff has filed a Motion to Remand this case to the state court on the grounds that the action was improperly removed and that the action is not within the jurisdiction of this Court. Plaintiff maintains that its case involves common law remedies traditionally within the state court's provinces and the fact that its complaint mentions the existence of a statutory copyright does not deprive the state court of jurisdiction over Plaintiff's common law action. Plaintiff indicates that it considers its case to involve the violated relationship of the parties and is not a copyright infringement case.

28 U.S.C. § 1441(b) allows removal of civil actions "of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States." The Supreme Court has stated the applicable tests in *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936):

> [A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another. A genuine and present controversy, not merely a possible or conjectural one, must exist with reference thereto, and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal. Indeed, the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense. (Citations omitted.) 299 U.S. at 112–13, 57 S.Ct. at 97–98.

An additional requirement has been formulated in some cases that the complaint reveal a "dispute or controversy respecting the validity, construction or effect of such a law, upon the determination of which the

---

1. This is the second time that the cause has been before this Court. After the action was filed in the state court, Defendants originally removed the case to this Court on the basis that the federal court had original and exclusive jurisdiction of the action as it arose under the federal copyright laws. Upon Plaintiff's motion, the Court remanded the case to the state court for the reason that if the Court accepted Defendants' argument that this is a copyright case, the exclusive federal court jurisdiction over copyright cases under 28 U.S.C. § 1338(a) would preclude the state court from having jurisdiction of the action and would thus preclude this Court from having derivative jurisdiction of the action on removal.

Following the remand of the case to state court, Defendants demurred to Plaintiff's state court petition on the basis that the state court lacked subject matter jurisdiction. The state court overruled Defendants' demurrer.

results depends." *See Shulthis v. McDougal,* 225 U.S. 561, 569, 32 S.Ct. 704, 706, 56 L.Ed. 1205 (1912).

This is not a case where the underlying right of Plaintiff arises only under state law. Plaintiff's claim involves both a state and federal ground. Where a plaintiff's claim involves both a federal ground and a state ground, the plaintiff is normally free to ignore the federal question and assert only the state ground as a basis for his claim. 1A Moore, *Federal Practice* ¶ 0.160, at 185 (2d ed. 1974). As the Supreme Court noted in *Great Northern Railway Co. v. Alexander,* 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918):

> [T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . when it is commenced, and . . . this power to determine the removability . . . continues with the plaintiff throughout the litigation, so that whether such a case . . . shall afterwards become removable, depends . . . solely upon the form which the plaintiff by his voluntary action shall give to the pleadings . . . . 246 U.S. at 282, 38 S.Ct. at 239.

The party who brings a suit is master to decide what law he will rely upon. *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed. 716 (1913). *See also Pan American Petroleum Corp. v. Superior Court,* 366 U.S. 656, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961).

In the instant case, Plaintiff's intention to cast its claims against Defendants on only state grounds is clearly manifested. It brought the suit initially in state court. Its complaint makes no mention of the federal copyright law, nor does it indicate any desire to rely on such law. It has expressly disclaimed any desire or intention to recover on anything other than a purely state cause of action. Plaintiff has indicated that its case involves only the violated relationship of the parties, and does not involve a copyright infringement claim.

The Court concludes that Plaintiff's action does not arise under the federal copy-

right laws. The rights granted to Plaintiff by the federal copyright laws are not an essential element of its state cause of action against Defendants. *See Gully v. First National Bank in Meridian, supra.* Nor does Plaintiff's complaint or Defendants' petition for removal indicate that the result of the instant action depends upon the determination of a dispute or controversy respecting the validity, construction or effect of the federal copyright laws. *See Shulthis v. McDougal, supra.*

Accordingly, after examination of the allegations of Plaintiff's complaint and Defendants' petition for removal, the Court concludes that it is without jurisdiction of this action; that removal of the action to this Court was improvident; and that the case should be remanded to the state court. 28 U.S.C. § 1447(c). In view of the foregoing Defendants' request for certification pursuant to 20 Oklahoma Statutes 1601–13 is denied as being beyond the jurisdiction of this Court in this case.

Plaintiff's Motion to Remand is sustained and the Court remands this case to the District Court for Oklahoma County, Oklahoma. The Clerk will immediately effect the remand of the case as provided by the above law.