Margaret DECUBAS, et al., Plaintiffs,

v.

NORFOLK SOUTHERN CORPORATION, et al., Defendants.

Civ. A. No. 88-18-VAL (WDO).

United States District Court, M.D. Georgia, Valdosta Division.

April 1, 1988.

J. Anderson Harp, Columbus, Ga., for plaintiffs.

J. Converse Bright, Valdosta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

J.D. Decubas died in a crossing collision with defendants' train near Colon, Georgia on June 6, 1983. Decubas was an employee of General Electric Company assigned by General Electric to maintain microwave tower facilities on Southern Railway under a maintenance contract agreed upon by General Electric and Southern.

This now removed action was brought in the Superior Court of Clinch County, Georgia on June 4, 1986, by complaint containing two alternative counts:

Count I claimed that Decubas was an employee of the defendant railroads under

the provisions of the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.

Count II was a wrongful death claim brought under the provisions of the Georgia wrongful death statute, O.C.G.A. § 51-4-1, et seq., by which it was contended that if the deceased was not a railroad employee, the death of Mr. Decubas was, nevertheless, caused by defendants' negligence.

The trial court ordered a bifurcated trial at which the jury would first try the issue of Decubas' employment status, and then a trial of either Count I or Count II, depending upon the verdict in the first portion of the bifurcated trial.

The case was tried by a jury on February 21–23, 1988, and the jury found that Decubas was under the sole direction, supervision and control of General Electric Company and was not under the control of any one of the three railroad companies. Based upon this verdict the trial court entered an order dismissing Count I.

Count I having been dismissed, the plaintiffs announced ready to proceed with the trial of Count II, the Georgia wrongful death action. The defendants at that point —4:30 p.m., February 23, 1988—filed this petition for removal, terminating the proceedings in the Superior Court of Clinch County and removing the same to this court.

On February 24, 1988, after the action had been removed, plaintiffs filed a motion for new trial.

■ On March 10, 1988, plaintiffs moved this court to remand this civil action to the Superior Court of Clinch County, arguing vigorously that it was not a removable civil action because it "contains a count pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51, *et seq.*, and which is nonremovable irregardless of the status of that count. 45 U.S.C.A. § 56, 28 U.S.C.A. § 1445, *Great Northern Ry Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918) ... Once pursued in the state forum, the action cannot be removed, by the railroad, to the federal forum. 28 U.S.C.A. § 1445."

Anticipating the railroad's response, plaintiffs argued:

The Defendant railroads, however, will assert that once the jury rendered a verdict that Mr. Decubas was not a railroad servant, the action became immediately removable. This assertion is in opposite (sic) to the overwhelming majority of authority which supports the voluntary-involuntary rule and which states that once an action is nonremovable, it must remain nonremovable until the plaintiff either voluntarily changes his pleadings or voluntarily dismisses a party in a potential diversity action. *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *Weems v. Louis Dreyfus Corporation*, 380 F.2d 545 (5th Cir.1967); *Jenkins v. Nat. Union Fire Ins. Co. of Pa.*, 650 F.Supp. 609 (N.D.Ga. 1986). The Plaintiffs in this claim have contended in their pleadings, contended in the trial and continue to assert that Mr. Decubas was a servant of the Defendant railroads.

A case which is originally nonremovable, absent a fraudulent claim to avoid jurisdiction, may be removed only by the *voluntary consent* of the plaintiffs *regardless of at what stage* the proceedings may be. *Great Northern Ry. Co. v. Alexander*, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713 (1918). The *Great Northern* case is succinctly (sic) on point to the present action. It involved an F.E.L.A. claim brought in the state forum by a worker who contended he was a servant of the railroad industry. The railroad, however, contended that Mr. Alexander was not a servant of a railroad active in interstate commerce vice in the present action their contention that Mr. Decubas was not subject to the "control" of the railroad. But the *Great Northern* Court was asked to consider "whether the nonremovable case stated in the complaint became one subject to removal when the plaintiff rested his case." *Great Northern*, 38 S.Ct. at 238. That Court declared that such an action *is never removable* but for when the plaintiff volun-

tarily takes action that permits it to be removable.

Defendant railroads, as plaintiff predicted, acknowledge that as originally filed in state court the case was not removable because the two alternative counts seek only one recovery and are thus only one action. They are not separate and independent claims. 28 U.S.C. § 1441(c).

The defendant railroads further argue that:

> This case is removable by a plaintiff's voluntary action. When the jury returned it (sic) verdict finding that Decubas was an employee of General Electric Company only and not of any of the railroads, the plaintiffs did not except or seek immediate review. Rather the plaintiffs announced ready to proceed with the trial of the Georgia wrongful death action at that time before that same jury. This is totally inconsistent with and mutually excludes the contention which they now urge on motion for remand. Not only did they announce ready to proceed with trial but objected to the Court suspending the trial and objected to the removal. This position totally belies the contention made in this Court and gives rise to the inference that the only purpose of the FELA count is to deprive this defendant of its right to remove the wrongful death case. Appendix C.

> The plaintiffs by attempting to proceed against the defendants in the Georgia wrongful death case voluntarily abandoned the FELA case and voluntarily took acts which make the case removable.

> This Court has several alternatives:

> (a) Remand the case. The effect of this will be, when the plaintiffs dismiss their motion for new trial and announce ready, to require this defendant to try its removable Georgia wrongful death case in Clinch County against its will. Congress hardly intended this when it made an FELA claim nonremovable.

> (b) Retain the entire case and put the wrongful death case to trial. If the plaintiff wins, this is an exclusive reme-

dy, plaintiffs have made the recovery and the FELA case is automatically terminated. If the plaintiffs lose, appeal time is tolled by the removal and the plaintiff can take up its FELA case then.

> (c) Sever the FELA claim from the Georgia wrongful death claim and remand Count I to Superior Court of Clinch County. At the same time the Court could retain Count II, the Georgia wrongful death claim over which it has jurisdiction, and stay it pending the plaintiffs taking such action as they desire. If the plaintiff wish (sic) to appeal the judgment and dismissal of Count I, they could to (sic) so. If they wish to abandon the FELA claim and try the wrongful death case, that could be done in this Court.

> The third alternative results in fairness to both parties. It allows the plaintiff to try their FELA case in the forum of their choice. It allows the defendant to try the removable diversity case in the forum of their choice.

> Certainly the plaintiff has a right to choose the forum for the trial of the FELA case. But the nonremovability provision of FELA should not be used merely to deprive a defendant of its right to remove an otherwise removable case.

In reply plaintiffs continue to contend that:

> The U.S. Supreme Court has stated that, absent fraud or a voluntary act of the plaintiffs to change the pleadings or parties, actions such as the present one need (sic) be remanded. Without any authority to support otherwise, the Defendants urge this court to either "retain the entire case" in violation of 28 U.S.C. A. § 1445 or sever alternative pleading and retain part and remand part. Such proposals are not supported by law and are in contravention to the principles set forth in the authority cited herein. Therefore, the Court should remand the present action to the state forum for its disposition.

In discussing the statutory period of time within which removal is permitted, *Wright,*

*Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d* § 3732 states:

> The second paragraph of Section 1446(b) supplements the thirty-day removal period, which follows the receipt or filing of the initial pleading. It provides that:
>
>> if the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.
>
> This provision, added in 1949, codifies prior holdings that the period for filing the removal petition will be extended or renewed at the time when a case that did not seem to be removable at first later becomes or is discovered to be removable. Although the statute requires "an amended pleading, motion, order, or other paper," its clear purpose is to commence the running of the thirty-day period once the defendant receives actual notice that the case has become removable, which may be communicated in a formal or informal manner.
>
> This transformation from nonremovable to removable may occur in a number of ways. Plaintiff may amend the initial pleading to include a claim for relief within the jurisdiction of the federal courts, such as a federal claim or a separate and independent claim that is removable. Or plaintiff—or events beyond plaintiff's control—may increase the amount in controversy to the requisite jurisdiction level. Moreover, a change in parties, such as plaintiff's voluntary dismissal of those defendants whose presence destroyed diversity, may make the action removable. Plaintiff also may reveal the citizenship of or residence of the parties, when that was previously unknown. (footnotes omitted).

Note the statutory language—"after receipt by the defendant ... of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Plaintiffs voluntarily amend pleadings and file motions. Orders and other papers result sometimes from voluntary acts of the plaintiffs, sometimes from acts of the defendants, sometimes from acts of third parties and sometimes from acts of the court.

■ This suggests that subsequent events other than fraud or voluntary acts of the plaintiffs—orders and other papers—can cause a non-removable case to become removable.

■ In this case the state trial judge ordered the issue of the employment status of the deceased to be bifurcated and tried to a jury as a condition precedent to the trial of liability and damages under Count I or II. As a result of the jury verdict finding the deceased not to have been a railroad employee, the trial judge ordered the dismissal of Count I, the FELA claim. That order eliminated the FELA claim and made this case removable. Defendants' counsel immediately announced that in his view the dismissal of the FELA claim made what had been a nonremovable case, removable and that the required petition was about to be filed. Counsel for the plaintiffs did not then nor have they since contended that they desired to immediately appeal the jury verdict on the issue of employment, in the appellate courts of this state and that removal would deprive them of their right to do so. If the plaintiffs so desire, this court, in the exercise of its discretionary authority,[1] will sever Count I from Count II and remand Count I to the Superior Court of Clinch County, Georgia, so that plaintiffs' motion for new trial can be heard and ruled upon and an appeal in the appellate courts of this state can be pursued.

As the Fifth Circuit Court of Appeals stated in *Gamble v. Central of Georgia*

---

**1.** *See Gamble v. Central of Georgia Ry. Co.,* 486 F.2d 781 at 785 in which the court stated that "[t]he court below ... should have granted the motion for remand of the entire action or alternatively should have severed the FELA suit and remanded it."

*Ry. Co.*, 486 F.2d 781 at 785 (5th Cir.1973): "Congress has unequivocally declared that in FELA suits filed in state courts, the federal courts are without jurisdiction to proceed in the matter until the cause has run its course at the state level. The Supreme Court has noted this fact in *Miles v. Illinois Central Ry. Co.*, 1942, 315 U.S. 698, 703, 62 S.Ct. 827, 830, 86 L.Ed. 1129, 1133...." Assuming no desire to appeal the jury verdict causing dismissal of Count I in the appellate courts of this state, the cause of action set forth in Count I has run its course at the state level. On the other hand, assuming a desire to so appeal in the courts of this state, the cause may not have run its course at the state level but by severance and remand will be permitted to run its course.

A subsequent order of the Superior Court of Clinch County, Georgia having made this originally non-removable case removable, it was properly removed to this court and is thus within this court's jurisdiction.

Plaintiffs are invited to advise in writing within ten (10) days whether they desire severance and remand of Count I.

Plaintiffs and defendants are further invited to suggest how soon this case, in their opinion, should be set for jury trial.