**William M. KANALOS, Plaintiff,**

**v.**

**Douglas GRAHAM, and General Motors Corp., Defendants.**

No. 90–CV–72434–DT.

United States District Court,
E.D. Michigan, S.D.

March 8, 1991.

James J. Harrington, III, Novi, Mich., for plaintiff.

David M. Davis, Office of Gen. Counsel, GM Corp., Birmingham, Mich., for defendants.

## OPINION

DUGGAN, District Judge.

This matter is before the Court on plaintiff's motion to remand. Defendants have filed a response to this motion. In accordance with Local Rule 17($l$)(2), the Court shall decide this motion without hearing.

This action was originally filed in Oakland County Circuit Court. Defendants removed this case to this Court on the basis that the Employee Retirement Income Security Act of 1974 ("ERISA"), 88 Stat. 829, as amended, 29 U.S.C. § 1001 *et seq.*, preempts his employment claims against defendants. In his motion to remand,

plaintiff contends that removal was improper because his complaint alleges only state law causes of action.

## I. FACTUAL BACKGROUND [1]

From November, 1968, to December, 1987, plaintiff worked for defendant, General Motors Corporation ("GM"), at its Detroit Diesel Allison ("DDA") division.

In late 1987, plaintiff's supervisor at DDA, defendant Douglas Graham, allegedly assigned plaintiff to various duties at DDA on a "temporary" basis. Graham allegedly told plaintiff that upon conclusion of the sale of DDA by GM, plaintiff would remain a GM employee.

In January, 1988, GM sold all of its interest in Detroit Diesel Allison. As a result of this transaction, plaintiff alleges that he lost his status as a GM employee and became an employee of the new DDA. Plaintiff also alleges that as a result of Graham's "false and fraudulent representations" he lost his opportunity to pursue a "buy-out," his potential for employment with a third party was adversely impacted, and he lost the opportunity to take a lay-off from GM with rights of recall.

Plaintiff asserts several claims against defendants: (1) a fraudulent misrepresentation claim against Graham and GM; (2) a promissory estoppel claim against Graham and GM; and, (3) a breach of contract claim against GM.

## II. APPLICABLE LAW

### A. Removal

Under 28 U.S.C. § 1441(a) and (b), a defendant may remove a civil action brought in state court to federal court if the action is based on a claim "arising under" federal law. Removal jurisdiction is limited to those actions over which the federal district courts have original jurisdiction. *See* 28 U.S.C. § 1441(a) and (b). Correspondingly, the removal statute allows a federal court to remand to state court any action over which it would not have had original jurisdiction. *See* 28 U.S.C. § 1447(c).

Generally, "the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (internal quotation marks omitted). This rule allows a plaintiff to avoid federal jurisdiction by exclusively relying on state law in his complaint. *Id.* [2] Additionally, "it is settled law that a case may *not* be removed to a federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint...." *Id.,* 482 U.S. at 393, 107 S.Ct. at 2430 (emphasis in original) (citing *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.,* 463 U.S. 1, 12, 103 S.Ct. 2841, 2847–48, 77 L.Ed.2d 420 (1983)).

### B. ERISA Preemption

The Supremacy Clause of the United States Constitution, Art. VI, cl. 2, provides the foundation for the pre-emption of state law by federal law.[3] The Supreme Court

---

**1.** What follows is an outline of the facts as alleged by plaintiff in his complaint.

**2.** See also *Id.* at n. 7 which cites the following cases in support of this proposition: *The Fair v. Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S.Ct. 410, 411, 57 L.Ed. 716 (1913) ("Of course, the party who brings a suit is master to decide what law he will rely upon") (Holmes, J.); *Merrell Dow Pharmaceuticals, Inc. v. Thompson,* 478 U.S. 804, 809, n. 6, 106 S.Ct. 3229, 3233, n. 6, 92 L.Ed.2d 650 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced"); *Great North R. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–240, 62 L.Ed.

713 (1918) ("[T]he plaintiff may by the allegations of his complaint determine the status with respect to removability of a case.").

**3.** Art. VI, cl. 2 states in relevant part:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.

has recently outlined three circumstances under which state law will be pre-empted by the Supremacy Clause:

First, Congress can define explicitly the extent to which its enactments preempt state law. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95–98, 103 S.Ct. 2890, 2898–2900, 77 L.Ed.2d 490 (1983).

Second, in the absence of explicit statutory language, state law is pre-empted where it regulates conduct in a field that Congress intended the Federal Government to occupy exclusively. Such an intent may be inferred from a "scheme of federal regulation ... so pervasive as to make reasonable the inference that Congress left no room for the States to supplement it," or where an Act of Congress "touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 67 S.Ct. 1146, 1152, 91 L.Ed. 1447 (1947).

Finally, state law is pre-empted to the extent that it actually conflicts with federal law. [P]re-emption [is found] where it is impossible for a private party to comply with both state and federal requirements, ..., or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Hines v. Davidowitz*, 312 U.S. 52, 67, 61 S.Ct. 399, 404, 85 L.Ed. 581 (1941).

*English v. General Electric Co.*, —— U.S. ——, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990) (citations omitted).

It is by a combination of the first two of these circumstances, express preemption and field preemption, under which ERISA has been found to preempt state law. *See Shaw v. Delta Air Lines, Inc.*, 463 U.S. at 95–97, 103 S.Ct. at 2899–2900; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–66, 107 S.Ct. 1542, 1546–47, 95 L.Ed.2d 55 (1987). Indeed, ERISA contains an express pre-emption provision, § 514(a). Section 514(a), as set forth in 29 U.S.C. § 1144(a), provides:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

Recently, the Supreme Court in *Ingersoll–Rand Co. v. McClendon*, —— U.S. ——, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990), had occasion to summarize the general scope of ERISA preemption:

"The pre-emption clause is conspicuous for its breadth." *FMC Corp. [v. Holliday], supra*, —— U.S. [——], at ——, 111 S.Ct. [403], at 407 [112 L.Ed.2d 356 (1990)]. Its "deliberately expansive" language was "designed to 'establish pension plan regulation as exclusively a federal concern.'" *Pilot Life [Ins. Co. v. Dedeaux], supra*, 481 U.S. [41], at 46, 107 S.Ct. [1549] 1552 [95 L.Ed.2d 39 (1987)] (quoting *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981)). The key to § 514(a) is found in the words "relate to." Congress used those words in their broad sense, rejecting more limited pre-emption language that would have made the clause "applicable only to state laws relating to the specific subjects covered by ERISA." *Shaw, supra*, 463 U.S., at 98, 103 S.Ct., at 2900–01. Moreover, to underscore its intent that § 514(a) be expansively applied, Congress used equally broad language in defining the "State law" that would be preempted. Such laws include "all laws, decisions, rules, regulations, or other State action having the effect of law." § 514(c)(1), 29 U.S.C. § 1144(c)(1).

"A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw, supra*, at 96–97, 103 S.Ct., at 2900. Under this "broad common-sense meaning," a state law may "relate to" a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect. *Pilot Life*,

*supra*, 481 U.S., at 47, 107 S.Ct., at 1552–53. See also *Alessi v. Raybestos–Manhattan, Inc., supra*, 451 U.S., at 525, 101 S.Ct., at 1907. Pre-emption is also not precluded simply because a state law is consistent with ERISA's substantive requirements. *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739, 105 S.Ct. 2380, 2388–89, 85 L.Ed.2d 728 (1985).

Notwithstanding its breadth, we have recognized limits to ERISA's pre-emption clause. * * * * Moreover, under the plain language of § 514(a) the Court has held that only state laws that relate to benefit *plans* are preempted. *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 23, 107 S.Ct. 2211, 2223–24, 96 L.Ed.2d 1 (1987).

*Id.*, 111 S.Ct. at 482–83. Further, it should be noted: "Some state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983). *See also Firestone Tire & Rubber Co. v. Neusser*, 810 F.2d 550, 553–54 (6th Cir.1987).

### III. DISCUSSION

■ Defendants argue that plaintiff's claims are preempted by ERISA because his complaint alleges denial of and seeks recovery of ERISA-covered benefits. As support for their argument, defendants point to the statements in plaintiff's complaint at paragraphs 13 and 21. These paragraphs state:

13. That the false and fraudulent representations described herein were relied upon by the Plaintiff, WILLIAM M. KANALOS, and by the time Plaintiff, WILLIAM M. KANALOS, had learned of the false representation, *he had lost his opportunity to pursue a buy-out*, it adversely impacted upon the potential for employment with a third party, and deprived him of the opportunity to take a

lay-off from the Defendant, GENERAL MOTORS CORP. with rights of recall. 21. That the Plaintiff, WILLIAM M. KANALOS, acted in reliance upon the promises and representations of the Defendant, DOUGLAS GRAHAM, and by the time the Plaintiff, WILLIAM M. KANALOS, had learned of the false promises and representations, *he had lost his opportunity to pursue a buy-out*, to seek employment with a third party, or to take a lay-off from the Defendant, GENERAL MOTORS CORP. with rights of recall.

Plaintiff's Complaint at ¶¶ 13, 21 (emphasis added). Defendants further support their argument by referring to plaintiff's deposition testimony wherein plaintiff testified that he thought GM should have paid a severance allowance to employees and that he should have been entitled to a separation allowance and that his lawsuit contains a claim for such an allowance. Defendants' Brief in Support at pp. 2–3 (quoting Plaintiff's Deposition at pp. 54–55).

The Court finds defendants' preemption arguments unpersuasive. Plaintiff's claims simply do not "relate to" an ERISA benefit plan within the meaning of ERISA's preemption provision, § 514(a), and in light of the relevant jurisprudence on ERISA preemption.

Admittedly, defendants are correct in pointing out that plaintiff's complaint alleges that, as a result of defendants' allegedly wrongful actions, plaintiff "lost an opportunity to pursue a buy-out."[4] Further, as part of his claimed damages, plaintiff seeks "fringe benefit differential" and damages based on "diminution in value of retirement benefits." However, these facts do not cause plaintiff's claim to be preempted.

Plaintiff's complaint asserts three claims against defendants: (1) a fraudulent misrepresentation claim against Graham and GM; (2) a promissory estoppel claim against Graham and GM; and, (3) a breach of contract claim against GM. By making these claims plaintiff does not assert that

---

4. For purposes of this opinion the Court shall assume the "buy-out" plaintiff alludes to is a

benefit plan subject to ERISA.

defendants acted with the intention to deny him any benefits of an ERISA plan. Rather, he is claiming that defendants acted to wrongfully discharge him from employment.

Further, plaintiff's assertion that these actions denied him a chance for a "buy-out," and that he lost fringe benefits only relate to the issue of his damages—they do not constitute his underlying claims.[5]

In sum, plaintiff is *not* claiming that the true purpose behind his alleged discharge was to deprive him of rights under an ERISA plan.[6] Under such circumstances, plaintiff's claims do not "relate to" an ERISA plan. " '[N]o ERISA cause of action lies ... when the loss of pension benefits was a mere consequence of, but not a motivating factor behind the termination [or loss] of benefits.' " *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1405 (9th Cir.1988) (quoting *Rose v. Intelogic Trace, Inc.*, 652 F.Supp. 1328, 1330 (W.D. Tex.1987)).[7] Indeed, in this Court's opinion, plaintiff's claims are "too tenuous, remote, or peripheral a manner" to warrant a finding that they "relate to" and thus are preempted by ERISA. *Shaw v. Delta Air Lines. Inc.*, 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983).

Since plaintiff's claims do not "relate to" an ERISA plan, they are not preempted by ERISA. "[U]nder the plain language of § 514(a) the [Supreme] Court has held that only state laws that relate to benefit *plans* are pre-empted." *Ingersoll–Rand Co. v. McClendon*, — U.S. —, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (citing *Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 23, 107 S.Ct. 2211, 2223–24, 96 L.Ed.2d 1 (1987).

**5.** Plaintiff's deposition testimony, contrary to defendants' assertions, does not differ—it relates to plaintiff's beliefs as to the damages he has allegedly suffered. *See* Plaintiff's Deposition at pp. 53–55.

**6.** Further, plaintiff does not seek to have an ERISA plan bear the burden of paying the damages he seeks.

**7.** *See also Seehawer v. Magnecraft Electric Co.*, 714 F.Supp. 910, 915 (N.D.Ill.1989) ("That

## IV. CONCLUSION

The Court concludes that plaintiff's claims are not preempted by ERISA. Accordingly, plaintiff's Motion to Remand must be granted.

An order consistent with this Opinion shall issue.

ERISA preempts any action directly challenging the denial or sufficiency of plan benefits does not mean that an employee in an unrelated action cannot recover damages calculable only by reference to a plan"); *Schlenz v. United Airlines, Inc.*, 678 F.Supp. 230, 235 (N.D.Cal.1988) (ERISA does not preempt claims for damages based on lost opportunity to earn employee benefits).