PEOPLE OF the STATE OF CALIFOR-
NIA, By and Through Daniel E. LUN-
GREN, Attorney General of the State of
California, Plaintiff–Appellant,

v.

Charles H. KEATING, Jr.; Jack Atchison;
Judy J. Wischer; Charles H. Keating,
III; Robert J. Kielty; Sheldon K. Wein-
er; Robert W. Wurzlebacher, Jr.; An-
drew F. Ligget; Andre A. Niebling;
Bruce F. Dickson; Robert J. Hubbard;
Mark A. Voigt; Gary W. Hall; Arthur
Young & Company, currently doing
business as, and known as, Ernst &
Young; Frank O'Brien, and Does 1–
1000, Defendants–Appellees.

No. 91–16323.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 18, 1992.

Decided Feb. 25, 1993.

See also 794 F.Supp. 1424.

Kelvin C. Gong, Deputy Atty. Gen., San
Francisco, CA, for plaintiffs-appellants.

Kathryn A. Oberly, Ernst & Young,
Washington, DC, for defendants-appellees.

Before: GOODWIN, O'SCANNLAIN, and RYMER, Circuit Judges.

O'SCANNLAIN, Circuit Judge:

We consider whether impleading the Resolution Trust Corporation ("RTC") in a state court proceeding gives defendants the right to remove a complaint containing only state law claims to federal court.

I

On July 30, 1990, the California Attorney General filed a consumer fraud action in California state court against various former officers and directors of American Continental Corporation ("ACC") (collectively, "the Keating defendants"), the accounting firm of Arthur Young and Associates ("AY") and several former AY partners (now partners of Ernst and Young) (collectively, "the AY defendants"). The first amended complaint stated five causes of action, alleging that the Keating defendants and the AY defendants had engaged in unfair and fraudulent business practices in violation of the Unfair Business Practices Act, Cal.Bus. & Prof.Code § 17200, had produced and disseminated false and misleading financial statements to buyers of ACC's subordinate debentures in violation of section 17500, and had conspired to engage in unlawful business practices.

On November 28, 1990, defendant AY partner Frank O'Brien filed a third-party complaint in the state court action for equitable indemnity against the RTC, the successor in interest to Lincoln Savings and Loan. On November 29, 1990, all of the defendants filed a Notice of Removal, and the matter was removed to the U.S. District Court for the Central District of California. The matter was then transferred to the District of Arizona whereupon the Attorney General filed a motion to remand, and in the alternative, a motion to sever and to remand. The Attorney General also filed a motion to dismiss the third-party complaint against the RTC. The AY defendants filed a motion to dismiss the Attorney General's complaint for failure to state a claim.

The district court exercised removal jurisdiction over the entire case, denying all of the Attorney General's motions. The court then granted the AY defendants' Rule 12(b)(6) motion and dismissed the complaint against all defendants.

The Attorney General appeals, claiming that the district court improperly exercised removal jurisdiction and that even if removal jurisdiction was proper, the district court improperly granted the motion to dismiss. We conclude that the district court lacked jurisdiction, and we thus reverse and remand with instructions to remand to state court.

II

The general removal provisions are found in 28 U.S.C. § 1441(a) and (b). Section 1441(a) provides, in relevant part:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Section 1441(b) provides, in relevant part:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Here, when the complaint was originally filed, there was no federal jurisdiction. All claims in the complaint were brought under state law; federal law is not a component of any of them. Thus, under the well-pleaded complaint rule, the Attorney General could not have brought the complaint in federal court. *See Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9–11, 103 S.Ct. 2841, 2846–47, 77 L.Ed.2d 420 (1983).

■ Nevertheless, the addition of the RTC as a party transforms the entire action into one that "arises under" the laws of the United States. The jurisdictional provision of Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), 12 U.S.C. § 1441a(*l*)(1) provides:

Notwithstanding any other provision of law, any civil action, suit, or proceeding to which the [RTC] is a party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction over such action, suit, or proceeding.

The words "action, suit, or proceeding" are not limited to specific claims, but are synonymous with the term "case" in the constitutional sense. *See Federal Sav. and Loan Ins. Corp. v. Mackie,* 962 F.2d 1144, 1150 (5th Cir.1992) (terms "action" and "case" refer to the same thing, i.e., the entirety of a civil proceeding). Here, the Attorney General's claims and the third-party complaint for indemnification are part of the same case, and the RTC is a party to the action. Thus, once the RTC was added, the entire suit was transformed into one that "arose under" federal law. *Cf. American Nat'l Red Cross v. S.G.,* — U.S. ——, ——, 112 S.Ct. 2465, 2473, 120 L.Ed.2d 201 (1992) (the "sue and be sued" provision of the charter of the American National Red Cross, 36 U.S.C. § 2, confers original jurisdiction on federal courts over all cases to which the Red Cross is a party; thus, the Red Cross may remove from state to federal court any state law action it is defending).

■ Not surprisingly, the appellees argue that because the entire suit "arose under" federal law once the RTC was impleaded, they, as defendants, have the right to remove. However, when an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the "voluntary/involuntary rule." *See, Self v. General Motors,* 588 F.2d 655, 657–60 (9th Cir.

1978); *see also Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 71–72 (7th Cir.1992) (discussing the voluntary/involuntary rule as it applies to diversity jurisdiction). The rule provides that a suit which, at the time of filing, could not have been brought in federal court must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self,* 588 F.2d at 657. As the Supreme Court has stated:

The obvious principle of [the decisions developing the voluntary/involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case ... and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum,* order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.

*Great Northern Ry. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 239–40, 62 L.Ed. 713 (1918), *quoted in Self,* 588 F.2d at 659.[1] Here, this case was transformed into an action "arising under" federal law not by the voluntary action of the plaintiff, but instead by action of a defendant. Since a voluntary act by the plaintiff has not rendered the case removable, it must remain in state court. Thus, the district court improperly exercised removal jurisdiction over the case.

■ The voluntary/involuntary rule does not affect the right of the *RTC* to remove. Congress, which has the absolute right to confer removal jurisdiction as long as federal jurisdiction is within constitutional limits, has specifically exempted the RTC from

---

**1.** Although the rule typically arises in diversity cases, we see no reason to *limit* its application to the diversity context.

the ordinary removal scheme. FIRREA, 12 U.S.C. § 1441a(*l*)(3) provides, in relevant part:

> The Corporation [RTC] may … remove any such action or proceeding from a State court to the United States District Court for the District of Columbia, or if the action, suit or proceeding arises out of the actions of the [RTC] with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located.

Thus, once the RTC is a party to an action, it may remove at any time. Here, however, the RTC has not attempted to remove; it is the third-party plaintiff, joined by other defendants, that has attempted removal. The removal provisions of FIRREA do not confer the right to remove on any parties *other than* the RTC.

We conclude that the district court lacked jurisdiction in this case and thus do not consider appellants' other arguments. We remand to the district court with instructions to remand this action to state court.

REMANDED WITH INSTRUCTIONS TO REMAND TO STATE COURT.