87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward G. HUGHES, Plaintiff-Appellant,
v.
HUGHES AIRCRAFT COMPANY, a corporation; Isabell G. Patton;
Patricia Patton; Mace A. Hughes, and Mace A.
Hughes, II, a minor; and Does 1 to 10,
inclusive, Defendants-Appellees.
 No. 95-55560.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 18, 1996.
 
 1
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Edward Hughes ("Edward") appeals the district court's order dismissing his action for failure to state a claim under Fed.R.Civ.P. 12(b)(6) because it found that Edward's claim was barred by the res judicata effects of a prior interpleader action. Edward also appeals the court's order denying his motion to remand this action to the state court. We affirm.
 
 DISCUSSION
 
 4
 1. Edward contends that the district court erred when it concluded that ERISA preempted his state common law claims, and therefore erred when it denied his motion for remand to state court. A civil action may be removed to federal court if the well-pleaded complaint raises an issue of federal law. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987). It is well-established in this circuit that "[i]n determining the existence of removal jurisdiction based upon a federal question, we must look to the complaint as of the time the removal petition was filed." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir.1979) (citing Great N. Ry. Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918)). Even if relying upon community property theory were enough to prevent reversal, Edward did not allege any cause of action based on a community property theory. Instead, Edward alleged only that Hughes Aircraft Co. ("Aircraft") had negligently failed to adhere to the written requirements of its change of beneficiary form, and negligently failed to notify Edward of the change. Thus, he asserted, Aircraft deprived him of the proceeds of the Policy.
 
 
 5
 Edward's state law negligence claims were entirely preempted by ERISA, and therefore presented a federal question appropriate for removal under 28 U.S.C. § 1441(a). See Taylor, 481 U.S. at 63-64, 107 S.Ct. at 1546 ("Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). Edward's negligence actions allege that Aircraft improperly administered an employee benefit plan. We have concluded that "[e]ven claims brought under state-law doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly." Gibson v. Prudential Ins. Co. of America, 915 F.2d 414, 416 (9th Cir.1990). So it is here.
 
 
 6
 2. Edward next contends that the district court erred when it concluded that the res judicata effect of its decision in the interpleader action bars Edward's present claim against Aircraft. Res judicata "prevents the relitigation of a claim previously tried and decided." Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir.1992). A claim is barred if it could have been asserted "in a prior suit between the same parties on the same cause of action." Id. A claim that could have been asserted in a prior suit is barred whether or not it actually was asserted. Id. "In order to bar a later suit under the doctrine of res judicata, an adjudication must (1) involve the same 'claim' as the later suit, (2) have reached a final judgment on the merits, and (3) involve the same parties or their privies." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir.1993). The parties do not dispute that the interpleader action resulted in a final judgment on the merits, so the second element is satisfied.
 
 
 7
 The first element is also satisfied. In the prior action, Edward asserted a right to recover the policy proceeds based on his allegation that Aircraft was required to obtain his signature prior to allowing his estranged wife to eliminate his status as a beneficiary. The court concluded that Aircraft had no obligation to require Edward's signature and that Aircraft had violated no contractual duty when it failed to do so.
 
 
 8
 In this action, Edward again contends that Aircraft was required to obtain his signature prior to changing his beneficiary status, but this time he says it is because he had a vested community property interest in the policy proceeds. His argument does assert a slightly different form of claim--one ostensibly rooted in his vested community property rights rather than in Aircraft's contractual duties. However, all that his new argument can amount to vis-a-vis Aircraft is that it did have a duty to him after all. But that duty could arise only from its obligations under the plan. Because the district court had already adjudged that Aircraft had no duty to Edward, successful prosecution of his claim could not help but destroy the district court's prior judgment establishing Aircraft's rights and duties and those of the named beneficiaries. Moreover, in determining whether there was a duty, and whether it was breached, the evidence that was examined in the first interpleader action would have to be examined in this action. Thus, Edward's present claim is the same as that litigated in the interpleader action. See Nordhorn, 971 F.3d at 1405.
 
 
 9
 Finally, the third element is satisfied because this case also involves the same parties or their privies as the interpleader action did. In that action, Metropolitan Life interpled the proceeds from the ERISA plan because it was not sure of the identities of the beneficiaries. The district court determined that, based on all the arguments made to it, the proceeds should go to the designated beneficiaries, rather than to Edward. That freed Metropolitan Life (and Aircraft) from liability because the court decided that the named beneficiaries had been correctly and effectively designated.
 
 
 10
 Aircraft was in privity with Metropolitan Life. Privity is found where there is "a substantial identity between the issues in controversy and [a] showing [that] the parties in the two actions are really and substantially in interest the same." Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co., 878 F.2d 1271, 1275 (10th Cir.1989); see also Nordhorn, 9 F.3d at 1405 (where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other."). Metropolitan Life and Aircraft were contractually bound together in the administration of the ERISA plan. As such, their interests were identical. When Edward's estranged wife died, and the proceeds were to be distributed, both Metropolitan Life and Aircraft recognized that the proceeds of the ERISA plan were to be paid out, but neither could discern to whom. Both wanted the proceeds to be paid to those who were entitled to them. Therefore, Metropolitan Life, as the holder of the funds, interpled the benefits. However, it did so as the "virtual representative" of Aircraft, which created the plan to provide life insurance benefits for Aircraft employees and which contracted with Metropolitan Life to carry out the terms of that plan. See United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir.1980).[1]
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Edward contends that the district court abused its discretion when it denied his motion for reconsideration. See Fed.R.Civ.P. 60(b). It did not. It simply held him to his agreement that the case would be decided on the papers before it. In any event, additional arguments could not resuscitate Edward's moribund case