**Bruce S. SCHAEFFER, Plaintiff,**

v.

**Anthony CAVALLERO, Robert Bautz, Trans World Airlines and Trans States Airlines, Inc., Defendants.**

No. 98 Civ. 3690 (JSR).

United States District Court,
S.D. New York.

Dec. 9, 1998.

Bruce S. Schaeffer, New York City, for plaintiff.

Jeffrey J. Ellis, New York City, for defendants.

## OPINION AND ORDER

RAKOFF, District Judge.

This otherwise unremarkable case raises an interesting issue of federal jurisdiction.

On April 17, 1998, pilot Anthony Caballero, with the help of the New York City Police, expelled plaintiff Schaeffer from Trans States Airlines flight 7669 following a dispute over plaintiff's carry-on luggage. While some might have shrugged off the incident, Schaeffer, an attorney, brought suit in New York State Supreme Court, asserting claims for breach of express and implied contract, civil assault and battery, false imprisonment, defamation, and intentional interference with economic advantage. Defendants in turn removed the case to federal court, on the ground that it inevitably implicated the Federal Aviation Act of 1958 and regulations promulgated thereunder. Schaeffer promptly moved to remand, but the Court, by summary order dated September 9, 1998, denied the motion. Thereafter, following the close of discovery, defendants moved for summary judgment, but the Court, by telephone advice on November 30, 1998, denied that motion as well. With trial now firmly set for April 12, 1999, this Opinion and Order will serve to confirm these prior rulings and briefly state the reasons therefor.

Ordinarily, statutory federal question jurisdiction extends only to cases in which a federal question appears on the face of a well-pleaded complaint. *See –Louis & Nashville Railroad v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). While there are exceptions in cases where the complaint is "artfully pleaded" to avoid making explicit reference to what is actually a federal claim, *see, e.g. Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754, 760 (2d Cir.1986), or where the otherwise applicable state law has been "completely preempted" by federal law, *see, e.g., Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987), the mere fact that there may be a valid defense premised on a federal statute is not sufficient to warrant removal. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

But there is a further wrinkle in this corrugated set of rules: federal question jurisdiction does extend to a state law claim as to which a claimant's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Franchise Tax Board*, 463 U.S. at 13, 103 S.Ct. 2841; *Smith v. Kansas City Title and Trust Co.*, 255 U.S. 180, 199–202, 41 S.Ct. 243, 65 L.Ed. 577 (1921); *West 14th Street Commercial Corp. v. 5 West 14th Owners Corp.*, 815 F.2d 188, 196 (2d Cir.1987).[1] Here, plaintiff's right to relief on most of his claims is governed by a provision of the Federal Aviation Act that states that an airline "may refuse to transport a passenger or property the carrier decides is or might be inimicable to safety." 49 U.S.C. § 44902. In keeping with the federal government's paramount interest in regulating aviation, all state laws must be interpreted consistently with this over-riding federal law.[2] Specifically, it is the Federal Aviation Act that sets the basic parameters

---

1. An exception to this exception exists where Congress has "affirmatively determine[d] that there should be no private federal cause of action" to redress the injury in question. *Rogers v. Platt*, 814 F.2d 683, 688 (D.C.Cir.1987) *citing Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986). No such determination applies in this case.

2. "Planes do not wander about in the sky like vagrant clouds. They move only by federal permission, subject to federal inspection, in the hands of federally certified personnel and under an intricate system of federal commands." *Northwest Airlines Inc. v. Minnesota*, 322 U.S. 292, 303, 64 S.Ct. 950, 88 L.Ed. 1283 (1944) (Jackson, J., concurring).

necessary to the "delicate balance between safety and efficiency" in airline matters. *City of Burbank v. Lockheed Air Terminal,* 411 U.S. 624 638–39, 93 S.Ct. 1854, 36 L.Ed.2d 547 (1973).

As a result, the construction of § 44902, itself a matter of federal law, is necessarily a substantial issue in any case involving state law claims regarding a passenger's removal from an airplane.[3] Indeed, after the Second Circuit interpreted the substantially identical predecessor to § 44902 to require that an airline may be held liable for refusing to carry a passenger only if its decision was "capricious and arbitrary," *Williams v. Trans World Airlines,* 509 F.2d 942, 948 (2d Cir.1975), the New York Court of Appeals held that absent a showing of such arbitrariness a claim for wrongful exclusion may not be submitted to a jury, *Adamsons v. American Airlines,* 58 N.Y.2d 42, 48, 457 N.Y.S.2d 771, 444 N.E.2d 21 (Ct.App.1982). Accordingly, the federal standard set by § 44902, as authoritatively interpreted by the federal courts, has become an essential element of any New York state law claim arising from an airline's refusal to transport a passenger, and this Court therefore has jurisdiction over plaintiff's lawsuit.

■■■ Turning to the motion for summary judgment, while defendants have advanced considerable evidence that the decision to remove plaintiff from the aircraft was not arbitrary and capricious, plaintiff's deposition testimony and his sworn affirmation are sufficient to place the issue in genuine factual dispute. In brief, plaintiff, while conceding that he strenuously protested the treatment he allegedly received from defendants, flatly denies acting in a manner that would have remotely warranted his removal. Rather, he

provides specific details of his words and actions sufficient, if credited and taken most favorably to the plaintiff, to warrant a jury in concluding that the decision to remove him was simply retaliation for his verbal protestation. While an airline enjoys broad discretion in deciding whether to refuse passage, the decision to exclude a vociferous but peaceful passenger who limits himself to complaining of the airline's treatment may in some circumstances constitute an abuse of that discretion. The question of whether this is one such circumstance is for the jury. The defendants' summary judgment motion must therefore be denied.[4]

In sum, plaintiff's motion to remand and defendants' motion for summary judgment are both denied.

SO ORDERED.

3. Conversely, if the contours of an airline's right to refuse transportation were entirely left to the vagaries of state court interpretation, airlines would inevitably be subject to different standards of conduct in different states, frustrating Congress' intention to create a "uniform and exclusive system of federal regulation." *Burbank,* 411 U.S. at 639, 93 S.Ct. 1854.

4. In a footnote to their moving brief, the defendants argue that claims against defendant TWA should be dismissed because "there has been no testimony whatsoever to establish that Trans

World Airlines operated the flight in question or that its employees were in anyway involved with the removal of the plaintiff." Def. Br. at 3. However, plaintiff testified in his deposition that the flight left from the TWA terminal and that his ticket read something to the effect of "Trans World Airlines operated by Trans States." Deposition Testimony of Bruce S. Schaeffer at 7, 32. This is sufficient to create a triable issue as to TWA's relationship with Trans States and whether it may be held liable on a theory of actual or apparent authority.