Walter L. WILLIAMS Sr., and Eddie W. Levert, Plaintiffs,

v.

MIDWEST EXPRESS AIRLINES, INC., Tim Hoeksma, ABC Insurance Company, John Doe, sued as John Doe(s) and Jane Doe(s), unidentified employees of Midwest Express Airlines, Inc., and Midwest Express Holdings, Defendants.

No. 03–C–0903.

United States District Court, E.D. Wisconsin.

April 26, 2004.

Roy L. Williams, for Plaintiff or Petitioner.

Emery K. Harlan, Angela McKenzie, R. Jeffrey Krill, for Defendant or Respondent.

### MEMORANDUM

ADELMAN, District Judge.

Plaintiffs Walter L. Williams Sr. and Eddie W. Levert commenced this action in state court alleging that defendants, Midwest Express Airlines, Inc. and others, unjustifiably excluded them from an airplane flight. Defendants removed the action to federal court on several grounds, including that plaintiffs' claims arose under federal law. Federal courts are obliged to police their own jurisdiction whether or not a party has challenged it. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Further, if at any time it appears that I lack jurisdiction of a removed case, I must remand it. 28 U.S.C. § 1447(c). Thus, in this decision, I address whether defendants' removal of the case based on the presence of a federal question was proper.

### I. FACTS

Plaintiffs, members of a band, purchased tickets on an August 4, 2001, flight from Milwaukee to New York City where they were to perform a concert. They allege that soon after they boarded the plane, Williams was falsely accused of staring at a flight attendant and asked to get off the plane. Plaintiffs further allege that they got off the plane and were met by sheriff's deputies who informed them that they had been removed from the plane because Williams' alleged staring made the flight attendant uncomfortable. Plaintiffs deny that Williams stared inappropriately at a flight attendant and allege that defendants unjustifiably excluded them from the

flight. Plaintiffs flew to New York City on another airline but were delayed in arriving.

### II. DISCUSSION

#### A. General Principles of Removal Based on Federal Question Jurisdiction

As the removing party, defendants have the burden of establishing federal jurisdiction. *In re Application of County Collector of County of Winnebago, Ill.*, 96 F.3d 890, 895 (7th Cir.1996). The removal statute must be strictly construed, and doubts about jurisdiction resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir.1993). Under 28 U.S.C. § 1441(a), removal is proper where "the district courts ... have original jurisdiction." Under 28 U.S.C. § 1331, federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treaties of the United States." To be able to invoke jurisdiction under § 1331, the so-called "general" federal question jurisdiction statute, a plaintiff's right to sue must be founded on some specific federal law other than § 1331. *Dillon v. Combs*, 895 F.2d 1175, 1177 (7th Cir.1990).

A case arises under federal law within the meaning of § 1331 only when the claim for relief depends in some way on federal law, "unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir. 2001). This rule is known as the "well pleaded complaint rule," *see Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908), under which federal courts may look only to the well pleaded complaint, and not to any possible or antic-

ipated defenses, to determine if the case arises under federal law, *Vorhees,* 272 F.3d at 401 (citing *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Moreover, under the master-of-the-complaint rule, the plaintiff is the master of his own complaint and is permitted to remain in state court if he chooses to forego any federal claims that he might have. *See Great N. Ry. Co. v. Alexander,* 246 U.S. 276, 282, 38 S.Ct. 237, 62 L.Ed. 713 (1918); *see also* Tristin K. Green, *Complete Preemption—Removing the Mystery from Removal,* 86 Cal. L.Rev. 363, 366 (1998).

The well pleaded complaint rule and the master-of-the-complaint rule work together to provide boundaries to removal jurisdiction. *Id.* at 367. By granting plaintiff control over the complaint and denying removal based on a federal defense, these rules limit the circumstances under which removal is possible. *Id.* Accordingly, the fact that federal law may have preempted state law in a particular area does not ordinarily serve as a basis for removal because preemption is ordinarily a defense. "Ordinary" or "conflict" preemption relates only to the merits of a state law claim. This type of preemption may be asserted any time a state law allegedly conflicts with a federal law, and it requires that if a conflict exists, the state law is preempted and must necessarily give way to federal law. *Vorhees,* 272 F.3d at 403 (citing *English v. Gen. Elec. Co.,* 496 U.S. 72, 79, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990)). However, this type of preemption is merely a defense to the merits of a claim and does not provide a basis for removal. *See Taylor,* 481 U.S. at 63, 107 S.Ct. 1542.

## B. Removal Based on Complete Preemption

■ Nevertheless, even though plaintiffs are normally the masters of their own case and may choose which claims they wish to present, their power to choose their forum is not unlimited. *Vorhees,* 272 F.3d at 401. One such limit is imposed when Congress enacts a law that is intended not merely to preempt state law but to replace it entirely. *Id.* When Congress enacts such a law and includes in it a cause of action for violation of the law, a state law claim which comes within the scope of the cause of action will be recharacterized as a federal claim and may be removed to federal court. *Beneficial Nat'l Bank v. Anderson,* 539 U.S. 1, 123 S.Ct. 2058, 2063, 156 L.Ed.2d 1 (2003). The effect of this type of statute is known as "complete" or "field" preemption. However, the term "complete preemption" is a misnomer because a statute to which it applies does not preempt state law claims so much as it occupies an entire field of law, *see Lehmann v. Brown,* 230 F.3d 916, 919 (7th Cir.2000), so that "it is impossible even to frame a claim under state law," *Ceres Terminals, Inc. v. Indus. Comm'n of Ill.,* 53 F.3d 183, 185 (7th Cir.1995). Congress may choose to occupy a field for any of several reasons, including concern about possible state court bias or because of the complexity of a particular area of law. Green, *supra,* at 391.

The complete preemption doctrine has been the source of considerable confusion. *See id.* at 363. However, in *Anderson,* the Supreme Court appears to have provided additional guidance with respect to the question of what a defendant seeking to remove a case based on complete preemption must establish. The court indicated that it had previously found Congressional intent to completely preempt state law in only two areas, the first being labor law, where it based its conclusion on the unusually powerful preemptive force of the Labor Management Relations Act ("LMRA") and on the fact that, in § 301 of the Act, Congress had established a cause of action

for a violation of the law that paralleled the plaintiffs' state law claims and provided language governing the cause of action. *Anderson,* 123 S.Ct. at 2062 (citing *Avco Corp. v. Machinists,* 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968)). The court then discussed the second area in which it had found complete preemption, that of benefit claims under the Employees Retirement Security Act ("ERISA"), and stated that it had rested such determination on ERISA's preemptive force and on the fact that, like the LMRA, it contained both a cause of action for benefits and, in its jurisdictional subsection, language governing the cause of action. *Id.* at 2062–63 (citing *Taylor,* 481 U.S. at 65, 107 S.Ct. 1542). The court then addressed the statute before it, the National Bank Act, and found that it too had great preemptive force and, like the LMRA and ERISA, provided a cause of action for usury parallel to plaintiff's state law cause of action and also included provisions concerning the procedures and remedies governing the cause of action. *Id.* at 2063–64 (citing 12 U.S.C. §§ 85 and 86). Thus, the court held that the statute completely preempted plaintiff's state law claims that the defendant bank had charged excessive interest.

Thus, *Anderson* may be read as requiring a defendant claiming a statute to be completely preemptive to show that Congress intended such result by: (1) imbuing the statute with unusually powerful preemptive force; (2) including in it a cause of action encompassing the state law claims asserted by the plaintiff; and (3) also including in the statute language governing the cause of action. Additionally, in applying this test, it makes sense to address the second and third questions first, both because they are easier to resolve, and because they are less relevant to the merits of a potential preemption defense than the first inquiry. *See Schmel-*

*ing v. NORDAM,* 97 F.3d 1336, 1343 (10th Cir.1996). The latter point is important because complete preemption is a jurisdictional issue and, therefore, preliminary to any consideration of the merits. *See id.* (quoting *First Fed. Sav. & Loan Ass'n of Detroit v. Detroit Bond & Mortgage Inv. Co.,* 687 F.2d 143, 145 (6th Cir.1982)) (stating that "the jurisdiction issue must be affirmatively resolved before the merits of the preemption issue can be reached"). By proceeding in this manner, if it is determined that the federal court is without jurisdiction, questions relating to whether preemption is a defense may be addressed by the state courts. *See* Green, *supra,* at 394.

■ In the present case, defendants argue that plaintiffs' state law claims are removable because the federal statutes governing air travel, i.e., the Airline Deregulation Act and/or the Federal Aviation Act, completely preempt them. Thus, I ask, first, whether Congress included in such statutes a cause of action parallel to plaintiffs' state law claims and language governing such cause of action. Defendants do not point to any statutory language establishing a cause of action for being unjustifiably excluded from an airplane flight, and I have found none. Title 49 section 41310 prohibits air carriers from unreasonably discriminating but provides no cause of action for a violation of the prohibition. Thus, the relevant statutes do not contain a cause of action encompassing plaintiffs' claims. Therefore, such statutes are not completely preemptive, and plaintiffs' state law claims may not be recharacterized as federal claims and removed based on federal question jurisdiction.

Defendants cite a number of Supreme Court and Seventh Circuit cases in support of their complete preemption argument, *see, e.g., Am. Airlines, Inc. v. Wolens,* 513

U.S. 219, 222, 115 S.Ct. 817, 130 L.Ed.2d 715 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992); *United Airlines, Inc. v. Mesa Airlines, Inc.*, 219 F.3d 605 (7th Cir.2000); *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423 (7th Cir.1996), but such cases are inapplicable because they deal with ordinary rather than complete preemption. Moreover, cases in this circuit hold, albeit in slightly different factual contexts, that the Airline Deregulation and Federal Aviation Acts do not completely preempt state law claims. *See Vorhees*, 272 F.3d at 404; *see also Fournier v. Lufthansa German Airlines*, 191 F.Supp.2d 996, 1002–1003 (N.D.Ill.2002).

## C. Removal Based on Presence of Federal Issue

■■ The foregoing discussion, however, does not entirely lay to rest the question of whether defendants had a right to remove the present case based on federal question jurisdiction. This is so because the Supreme Court has stated that federal question jurisdiction extends to state law claims as to which the claimant's right to relief necessarily depends on the resolution of a substantial question of federal law. *See Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199–202, 41 S.Ct. 243, 65 L.Ed. 577 (1921). In the present case, plaintiffs' right to relief appears to depend on whether defendants' conduct was justified under 49 U.S.C. § 44902, which provides that an airline "may refuse to transport a passenger or property the

carrier decides is, or might be, inimical to safety."[1] One court has held that because a plaintiff's state law claim alleging unjustifiable exclusion from a flight necessarily involves the interpretation of § 44902, federal question jurisdiction is present under *Smith*. *See Schaeffer v. Cavallero*, 29 F.Supp.2d 184, 185–86 (S.D.N.Y.1998).

However, in a post-*Smith* decision, the Supreme Court stated that if Congress does not provide a federal remedy for the violation of a federal statute, such nonaction " 'is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently "substantial" to confer federal question jurisdiction.' " *Fournier*, 191 F.Supp.2d at 1001 (quoting *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 814, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986)).[2] As discussed, the federal statutes governing air travel do not provide a cause of action for unjustifiable exclusion from a flight. At one time, federal law contained language from which courts, including the Seventh Circuit, implied a private right of action for passengers of a domestic airline who were bumped due to a failure of the airline to follow its own boarding priority rules, but the statutory language on which this conclusion was based was repealed. *See Wolgel v. Mexicana Airlines*, 821 F.2d 442, 443 (7th Cir.1987). Defendants do not argue that a private right of action may be implied from the statutes presently in effect. Thus, under *Merrell Dow*, I conclude that the fact that defendants may not have complied with the § 44902 standard is in-

---

1. A substantially identical predecessor to this provision has been interpreted as requiring that a passenger seeking to recover for being excluded from a flight demonstrate that the exclusion was "capricious and arbitrary." *Williams v. Trans World Airlines*, 509 F.2d 942, 948 (2d Cir.1975).

2. Although in *Merrell Dow*, the Supreme Court refrained from overruling *Smith*, one might reasonably question how much of *Smith* is left after *Merrell Dow*. *See* Richard H. Fallon, Daniel J. Meltzer and David L. Shapiro, *Hart & Wechsler's The Federal Courts & The Federal System* 882–886 (5th Ed.2003).

sufficient to make plaintiffs' state law claims subject to federal jurisdiction.

**D. Conclusion**

For the foregoing reasons, this court lacks federal question jurisdiction of plaintiffs' state law claims and defendants' removal on that ground was, therefore, improper.