**Lilliana MARRERO and Eliud Falcon, Plaintiffs,**

v.

**MODERN MAINTENANCE BUILDING SERVICES, INC., Service Employees International Union, Local 1, and Burke Wortmann, Defendants.**

No. 03–C–0367.

United States District Court, E.D. Wisconsin.

May 12, 2004.

Cynthia Manlove, Milwaukee, WI, for Plaintiffs.

Christopher Banaszak, Matthew Robbins, Milwaukee, WI, for Defendants.

### DECISION AND ORDER

ADELMAN, District Judge.

### I. PLAINTIFFS' ALLEGATIONS

Plaintiffs Lilliana Marrero and Eliud Falcon, former employees of defendant Modern Maintenance Building Services, Inc. ("Modern") and members of defendant Service Employees International Union, Local 1 ("SEIU"), bring this hybrid § 301/fair representation action against Modern, SEIU and a former SEIU employee, Burke Wortmann. Plaintiffs allege that Modern violated § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), by discharging them in violation of its collective bargaining agreement with SEIU, and that SEIU and Wortmann violated the duty of fair representation derived from 29 U.S.C. § 159(a) by mishandling plaintiffs' dispute with Modern.

Plaintiffs also bring supplemental state law claims against SEIU and Wortmann alleging that they intentionally interfered with plaintiffs' contractual relationship with Modern and, against Wortmann, alleging that he intentionally or negligently inflicted emotional distress. The following facts are relevant to plaintiffs' state law claims: plaintiffs were employed by Modern from October 2000 until October 2002, when they were suspended pending investigation of their alleged beating of a coworker, a charge that they denied. Plaintiffs allege that while they were suspended, SEIU agent Wortmann stated that Falcon was guilty, made other accusations against him and persuaded Modern to fire him. SEIU and Wortmann now move to dismiss plaintiffs' state law claims and Wortmann as a defendant.

### II. STANDARD OF REVIEW

Defendants answered the complaint and subsequently filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Because defendants answered before filing the motion, I will treat the motion as one for partial judgment on the pleadings under Fed.R.Civ.P. 12(c). *See, e.g., Republic Steel Corp. v. Pa. Eng'g Corp.,* 785 F.2d 174, 182 (7th Cir.1986) (treating a 12(b)(6) motion that was not filed until after the answer as a 12(c) motion). In any event, the Rule 12(b)(6) standard also applies to motions under Rule 12(c). *Id.; see also United States v. Wood,* 925 F.2d 1580, 1581 (7th Cir.1991).

Under Rule 12(b)(6), a complaint or portion thereof may be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The essence of a Rule 12(b)(6) motion is not that the plaintiff has pleaded insufficient facts, it is that even accepting all of his alleged facts, he has no legal claim. *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 627 (7th Cir.1999). In reviewing a complaint under this standard, the court must accept as true the plaintiff's allegations, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.,* 425 U.S. 738, 740, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976), and construe the complaint in the light most favorable to the plaintiff, resolving all doubts in his favor, *Jenkins v. McKeithen,*

395 U.S. 411, 421, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969).

## III. DISCUSSION

▉ SEIU and Wortmann move to dismiss plaintiffs' state law claims on the ground that they are preempted by federal law, specifically the law requiring a union to fairly represent its members.[1] Courts have generally found that federal laws regulating labor/management relations preempt state law claims raising labor law issues. Thus, state law claims alleging that employers or unions have violated collective bargaining agreements are treated as claims arising under § 301 of the LMRA. *See Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405–06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).[2] Further, state law claims brought by members of labor unions against their unions arising out of the unions' representation of them in disputes with employers are preempted by the federal law duty of fair representation. *See Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) (stating that an employee's state court action "alleged a breach by the Union of a duty grounded in federal statutes, and ... federal law therefore governs his cause of action").[3]

▉ However, § 301 preemption and duty of fair representation preemption are not the same. Section 301 and the duty of fair representation impose different legal obligations and, thus, close different areas of law to state regulation. *Cahoon v. Int'l Bhd. of Elec. Workers*, 175 F.Supp.2d 220, 226 n. 3 (D.Conn.2001). Additionally, the questions of whether § 301 preempts state law claims and whether the duty of fair representation preempts such claims are analyzed differently. When the issue presented is § 301 preemption, the applicable test is whether "the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement." *See Lingle*, 486 U.S. at 405–06, 108 S.Ct. 1877. When the issue is duty of fair representation preemption, the applicable test is

---

1. The duty of a union to fairly represent its members arises from 29 U.S.C. § 159(a), which confers on unions the exclusive right to represent their members in dealings with employers. *Retana v. Apartment, Motel, Hotel & Elevator Operators Union, Local No. 14*, 453 F.2d 1018, 1021–22 (9th Cir.1972) ("The duty of fair representation is a statutory duty implied from the grant to the union by section 9(a) of the National Labor Relations Act ... of exclusive power to represent all employees of the collective bargaining unit"); *see also Vaca v. Sipes*, 386 U.S. 171, 177, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) ("It is now well established that, as the exclusive bargaining representative of the employees, ... the Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining ... and in its enforcement of the resulting collective bargaining agreement.").

2. There are two types of preemption, complete preemption (also known as field or jurisdictional preemption), which occurs when federal law occupies an entire field and requires that state law claims within such field be recharacterized as federal law claims, and

defensive preemption (also known as ordinary or conflict preemption), which occurs when there is a conflict between state and federal law and which requires that claims brought under state law be dismissed. *See Williams v. Midwest Express Airlines, Inc.*, 315 F.Supp.2d 975 (E.D.Wis.2004) (memorandum regarding removal). Section 301 preemption is complete preemption. *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists*, 390 U.S. 557, 88 S.Ct. 1235, 20 L.Ed.2d 126 (1968).

3. The question of whether duty of fair representation preemption is complete or defensive has not been definitively resolved. *See Cahoon v. Int'l Bhd. of Elec. Workers*, 175 F.Supp.2d 220, 226 n. 3 & 4 (D.Conn.2001). However, because federal law creates no express cause of action for violation of the duty of fair representation, it is likely that duty of fair representation preemption is defensive rather than complete. *See Williams*, 315 F.Supp.2d 975, ——. For present purposes, however, it makes no difference.

whether the state law claim alleges conduct that is within the scope of the union's duty of fair representation, i.e., its duty "to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct." *See Vaca,* 386 U.S. at 177, 87 S.Ct. 903; *see also Thomas v. Nat'l Ass'n of Letter Carriers,* 225 F.3d 1149, 1158 (10th Cir.2000) (stating that "[w]here a plaintiff's allegations fall within the scope of the duty of fair representation, federal labor law governs and ordinarily preempts any state-law claims based on those allegations"); *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers,* 132 F.3d 824, 831–32 (1st Cir.1997) (holding that "state law is preempted whenever a plaintiff's claim invokes rights derived from a union's duty of fair representation").

Courts have sometimes confused and/or conflated § 301 preemption with duty of fair representation preemption. *See, e.g.,* 2 Patrick Hardin & John E. Higgins Jr., *The Developing Labor Law* 2261 (4th ed.2001) (stating that duty of fair representation preemption "much resembles, and is sometimes confused with, the analytically distinct issue of the extent to which Section 301 preemption preempts a state law action against a union"). Thus, it is important for courts facing preemption issues in the labor law context to determine precisely what type of preemption a plaintiff's state law claim implicates. Typically, when a union member brings a state law claim against a union involving the union's efforts on the plaintiff's behalf, the issue will be duty of fair representation preemption. This is so because it is unlikely that unions will use contracts with employers to impose upon themselves additional duties regarding representation of their members.

Nevertheless, there will be cases where a union member's state law claim against a union will implicate § 301 preemption and require the court to ask whether resolution of the state law claim requires the interpretation of the collective bargaining agreement. *See, e.g., Int'l Bhd. of Elec. Workers v. Hechler,* 481 U.S. 851, 107 S.Ct. 2161, 95 L.Ed.2d 791 (1987). However, this will occur only in the situation where the collective bargaining agreement is the source of the state law claim. *See* Hardin & Higgins, *supra,* 2261; *see also United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 373–74, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990) (allowing for the possibility that a union could assume additional duties to its members in a collective bargaining contract by stating that it had never held "that, as a matter of federal law, a labor union is *prohibited* from voluntarily assuming additional duties to the employees by contract") (emphasis in the original).

In the present case, however, plaintiffs allege misconduct that falls within the scope of the duty of fair representation and does not stem from duties undertaken in a collective bargaining agreement. Plaintiffs' state law claims arise out of acts allegedly committed by SEIU and its agent, Wortmann, in the context of their representation of plaintiffs in connection with plaintiffs' dispute with Modern. Plaintiffs' factual allegations indicate that the union and Wortmann failed to conscientiously serve their interests. The collective bargaining agreement appears, at most, tangential to plaintiffs' state law claims. Thus, the appropriate test for determining whether such claims are preempted by federal law is the duty of fair representation preemption test, and it is further clear that, under such test, plaintiffs' claims are preempted. As indicated, both of plaintiffs' state law claims raise the question of the adequacy of the

union's and Wortmann's efforts on their behalf. Therefore, plaintiffs' state law claims against the union and Wortmann are preempted by the union's federal law duty of fair representation and must be dismissed.

 Further, Wortmann must be dismissed as a defendant. Section 301 states in relevant part, that: "Any money judgment against a labor organization in a district court of the United States shall be enforceable only against the organization as an entity and against its assets, and shall not be enforceable against any individual member or his assets." 29 U.S.C. § 185(b). Moreover, in *Atkinson v. Sinclair Ref. Co.*, 370 U.S. 238, 249, 82 S.Ct. 1318, 8 L.Ed.2d 462 (1962), *overruled on other grounds by Boys Mkts., Inc. v. Retail Clerks Union, Local 770*, 398 U.S. 235, 238, 90 S.Ct. 1583, 26 L.Ed.2d 199 (1970), the Supreme Court stated:

> We have already said in another context that § 301(b) at least evidences a congressional intention that the union as an entity, like a corporation, should in the absence of agreement be the sole source of recovery for injury inflicted by it. This policy cannot be evaded or truncated by the simple device of suing union agents or members, whether in contract or tort, or both, in a separate count or in a separate action for damages for violation of a collective bargaining contract for which damages the union itself is liable. (Internal citations omitted.)

And in *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 415–17, 101 S.Ct. 1836, 68 L.Ed.2d 248 (1981), the Court further stated that union agents and employees may not be found personally liable for damages even if their conduct is not directly authorized by the union. This principle carries over to duty of fair representation claims against union agents. *See, e.g., Suwanchai v. Int'l Bhd. of Elec.*

*Workers, Local 1973,* 528 F.Supp. 851, 861–62 (D.N.H.1981).

Plaintiffs' duty of fair representation claim against Wortmann arose from his handling of the discharges of Falcon and Marrero, during which he was acting as an agent of the union. Thus, pursuant to the authority cited above, he cannot be held liable as an individual.

## IV. CONCLUSION

For the reasons stated,

**IT IS THEREFORE ORDERED** that the motion of defendants SEIU and Wortmann to dismiss plaintiffs' state law claims and Wortmann as a defendant is **GRANTED**.